224 So.2d 681 (1969)
Martin C. HERNDON, Petitioner,
v.
CITY OF MIAMI and the Full Florida Industrial Commission, Respondents.
No. 38591.
Supreme Court of Florida.
July 9, 1969.
Rehearing Denied August 1, 1969.
Edward Schroll, Miami, for petitioner.
Alan H. Rothstein, City Atty., and Robert F. Clark, Asst. City Atty., Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review an order of the Florida Industrial Commission reversing an order of the Judge of Industrial Claims.
*682 On April 20, 1963, the claimant, while employed as a policeman by the City of Miami, sustained injuries to his low back for which he was awarded compensation for a 35% permanent partial disability of the body as a whole. As a result of another compensable accident on August 5, 1964, he was granted permanent total disability retirement by the City. On February 15, 1967, the City stipulated with the claimant that he was permanently totally disabled and was entitled to compensation at the maximum rate from June 11, 1966 during the continuance of said disability. The Judge approved this stipulation on February 23, 1967.
On April 2, 1968, the Judge denied claimant's request for a lump sum payment of $29,000.00. Subsequently, claimant applied for an advance payment of 13 years compensation ($22,250.00) in order to purchase real estate located in Fort Pierce, Florida. The claimant submitted a financial plan and testified that said purchase was sound and reasonable. The Rehabilitation Department of the Florida Industrial Commission investigated the claimant's application and reported favorably. After reviewing all the evidence presented relative to the request for advance payment and in particular the reduction in amount thereof, the Judge found that the advance payment of $22,250.00 would be to the best interest of the claimant and that said advance payment would not materially prejudice the rights of the employer and that it is reasonable under the circumstances of the case.
Upon review the Full Commission reversed holding that the claimant did not produce enough tangible evidence that enabled the Full Commission to determine the financial feasibility of the arrangement. The Commission stated that the claimant had the burden to offer evidence of a disinterested or professional appraiser as to the value of the real estate desired to be purchased, together with past earnings and occupancy rate as well as economic conditions in the area. The Full Commission pointed out that the only testimony contained in the record is that of the claimant. They seemed to feel that the interest of the employer was not given due consideration as required by Ch. 440.20(10), Fla. Stat., F.S.A.
Rule 16 D of the Rules, Regulations and Instructions adopted by the Florida Industrial Commission provides:
"* * * If the judge of industrial claims finds that such advance payment is for the best interests of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case, he may order same paid." (Emphasis supplied)
At the hearing the claimant, a 42-year old man who has an eleventh grade education and who has been a policeman for 18 years, produced evidence disclosing the sound utilization of the advance payment of compensation. There was no evidence produced by the employer which contradicts claimant's belief that he has a sound investment. The purpose of lump sum payments of compensation is to enable a disabled claimant to become a self-sustaining and productive member of society. Under Ch. 440.20(10), Fla. Stat., F.S.A., the Judge is given a great amount of discretion in deciding whether the advance payment is to the best interests of the claimant and employer. The City of Miami offered no evidence at the hearing to indicate that they would be materially prejudiced by the advance payment. It is unreasonable that the claimant should have to bear the expense of a professional appraiser to testify at the hearing for the advance payment when the Judge finds that he can make a determination upon the evidence at hand. Certainly, it is within the Judge's discretion to request additional evidence from the claimant if he finds he is unable to make a determination from existing evidence.
There is no mandatory requirement in the workmen's compensation law that the claimant produce expert testimony *683 at a hearing to obtain an advance payment of compensation. The Judge is given vast discretion to determine the interests of the claimant and employer and his findings should not be disturbed unless he has abused this discretion or unless there is no competent substantial evidence to support his order. We find that there is competent substantial evidence to support the Judge's order and there has not been an abuse of discretion.
Consequently, certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the Judge's order.
Attorney's fees in the amount of $250.00 are awarded to petitioner's attorney.
It is so ordered.
ERVIN, C.J., and ROBERTS and BOYD, JJ., concur.
DREW, J., dissents with opinion.
DREW, Justice (dissenting).
I concur in the views of the Full Commission that this lump sum award is not in the best interest of the claimant.