382 So.2d 443 (1980)
COURT OF FLAGS and Insurance Company of North America, Appellants,
v.
Wayne OUTLAND, Appellee.
No. QQ-135.
District Court of Appeal of Florida, First District.
April 18, 1980.
Michael A. Miller and Donna L. Bergh, Orlando, for appellants.
Steven A. Rissman of Cooper & Rissman, Orlando, amicus curiae, for appellants.
Thomas R. Mooney and J. Peyton Lea, III, of Meyers, Mooney & Adler, Orlando, for appellee.
PER CURIAM.
Employer/carrier appeals a worker's compensation order approving a lump-sum advancement pursuant to § 440.20(10), Fla. Stat. Before approving such an advancement, the deputy must determine that it is in the best interest of the claimant, is reasonable under the circumstances of the case, and will not materially prejudice the rights of the employer/carrier. § 440.20(10) Fla. Stat.; § 440.20(11)(d), Fla. Stat. While the judge has broad discretion in such matters, Herndon v. City of Miami, 224 So.2d 681 (Fla. 1969), we conclude that the present case involves an abuse of discretion, and we hereby reverse the order appealed.
*444 Claimant indicated that the § 440.20(10) advancement would be used to purchase savings certificates with an interest rate exceeding the § 440.20(10) 4% discount rate. Claimant testified simply that he desired the advancement so that his spouse would have the money if he were to die before the employer/carrier had fully discharged its worker's compensation obligations. Under Chapter 440, Fla. Stat., however, worker's compensation benefits are not intended as life insurance. See Georgeson v. Oakland Park Rock Co., IRC Order 2-2971 (May 27, 1976) (concurring opinion), cert. denied 339 So.2d 1169 (Fla. 1976). The relevant § 440.20(10) inquiry is whether an advancement is in "the best interests of the person entitled to compensation" [emphasis supplied]. The record in the present case contains nothing to indicate that the claimant's condition or "interests" were directly affected in any way by his concern over either of the above-noted estate planning or money market considerations. In the context of this case, such factors are in our opinion insufficient to permit an order for a § 440.20(10) advancement.
The award of costs is also reversed. Cf., Gardinier v. Madry, IRC Order 2-3227 (Sept. 13, 1977).
Accordingly, the order appealed is reversed.
LARRY G. SMITH and WENTWORTH, JJ., concur.
ROBERT P. SMITH, Jr., J., specially concurs.
ROBERT P. SMITH, Jr., Judge, specially concurring:
I concur in the court's judgment and opinion reversing this order for a lump-sum payment of discounted future compensation benefits, awarded on account of Outland's permanent total disability. I wish only to add some additional, perhaps more fundamental, objections to lump-summing in this case.
The award was made pursuant to Section 440.20(10), Florida Statutes (1977), which provides in part:
Upon the application of any party in interest and after giving due consideration to the interests of all interested parties, if a judge of industrial claims finds that it is for the best interests of the person entitled to compensation, said judge of industrial claims may enter a compensation order requiring that the liability of the employer for compensation shall be discharged by the payment of a lump sum equal to the present value of all future payments of compensation, computed at 4 percent true discount compounded annually... .
Outland's purpose in petitioning for a lump-sum payment in lieu of future periodic compensation benefits was to secure capital for investment in the money market. At the time of hearing, bank certificates of deposit were paying short-term interest at an annual rate slightly exceeding 8 percent, and in the intervening period, as we all know, interest rates have dramatically (ominously?) increased. Outland is shown as capable of managing the proposed lump-sum payment of $44,000, that being the present value, computed at "4 percent true discount compounded annually," of his actuarial expectancy of receiving $80 weekly in compensation benefits for 712 weeks. He successfully operated a bakery and restaurant, a diner, and a consulting service for diner owners in northern cities before moving to Florida in 1960, and he has since held other money-managing positions in this state.
The compensation order granting the lump-sum payment offers a threefold justification: if wisely invested to earn a return substantially exceeding 4 percent interest compounded annually (the interest reciprocal of the statutory discount rate which dates from 1935), the lump-sum advance would produce earnings only slightly less than the present $80 weekly payments, and, unlike the statutory benefits, those earnings would continue to support Outland's widow when he dies; the capital itself would be available "for emergency situations if and when they arose" during the couple's lifetime; and it would be "therapeutically *445 beneficial" and potentially profitable for Outland to manage the fund.
This lump-sum award has undeniable similarities to the award approved by the Supreme Court in Herndon v. City of Miami, 224 So.2d 681 (Fla. 1969), enabling Herndon to buy income-producing real estate. In reinstating the lump-sum order of the judge of industrial claims in that case, which the Industrial Commission had vacated, the Court found substantial competent evidence supporting claimant's "belief that he has a sound investment" and no evidence that the employer "would be materially prejudiced by the advance payment." The Court declared that the judge of industrial claims has "vast discretion" in making lump-sum awards under Section 440.20(10).
While on the facts Herndon somewhat supports the payment ordered in this case, it must be noted that the Herndon Court read into Section 440.20(10), as a limitation on the lump-sum payment replacing and discharging liability for "all future payments," a concern to avoid "material prejudice" to the employer which Commission Rule 16 D then expressed as a limitation on advance payments. Herndon, 224 So.2d at 682. That Rule later became Rule 17(d) of the Workmen's Compensation Rules of Procedure, see 285 So.2d 601, 607 (Fla. 1973), and still later its provisions were enacted as Section 440.20(11)(d), Florida Statutes (1977). Chapter 77-290, Section 5, Fla. Laws. Thus, while a different construction may have been possible before Herndon, we must now read Section 440.20(10) as requiring both a showing that a lump-sum payment "is for the best interests of the person entitled to compensation" and a showing that the commutation of periodic benefits is not "materially prejudicial" to the employer.
In this case the deputy did not find that the lump-sum payment requested would not materially prejudice the employer. Such a finding is impossible. Moreover, even if the constraints of subsection (11)(d) were not properly to be read into subsection (10) proceedings, we should yet find that lump-summing of this character is not permissible under Chapter 440, however superficially beneficial to the claimant it may seem.
As the court's opinion points out, the prospective benefit to a claimant's widow, achieved through creating an income-producing corpus surviving claimant's death, is not a suitable objective for lump-summing. I would add that neither the creating of an emergency medical fund nor the founding of a "therapeutically beneficial" avocation is, in the circumstances of this case, a legitimate justification for lump-summing. To the extent this award tends to achieve those several and salubrious objectives, it does so because and only because it is supposed that the fund, without transformation into labor or another form of capital, can rent itself out for a return higher than the discount rate which created the fund in the first place. For reasons we cannot now recover, the 1935 legislature fixed the present value of Section 440.20(10) money at "4 percent true discount compounded annually"; and succeeding legislatures have left the rate unchanged. We must suppose, therefore, that the fluctuating value of money was not intended to be the predominant factor motivating a lump-sum award. If the capacity of money to earn more in passive investment than the discount rate were reason enough to commute the periodic payments which are characteristic of the compensation system, then all awards to financially prudent claimants would be commuted in inflationary times. This cannot be. We do not permit an ill octogenarian to "beat the actuarial tables" by lump-summing an award of lengthy period payments. 3 Larson, The Law of Workmen Compensation, Section 82.72 at p. 15-580 (1976). Neither is it sufficient for lump-summing that, when credit is expensive, the claimant as lender can beat the statutory discount rate.