425 So.2d 112 (1982)
Nieda SANFORD, Appellant,
v.
ALACHUA COUNTY SCHOOL BOARD and Kemper Insurance Company, Appellees.
No. AI-466.
District Court of Appeal of Florida, First District.
December 28, 1982.
Rehearing Denied February 3, 1983.
*113 Thomas W. Davis of Barton, Cox & Davis, Gainesville, for appellant.
Jack A. Langdon of Jones & Langdon, Gainesville, for appellees.
BOOTH, Judge.
This cause is before us on appeal from an order of the deputy in a workers' compensation proceeding denying lump sum advance payment of all permanent total disability benefits, based on the deputy's finding that advance payment materially prejudices the employer/carrier. We reverse.
The facts are that Neida Sanford, a 62-year-old teacher with 16 years experience, fractured her hip in a fall on September 19, 1977. Dr. Moore performed a closed reduction of the hip fracture on the date of the accident, inserted a prosthesis in the hip on January 24, 1978, and finally replaced the entire hip joint on February 2, 1979. Claimant was accepted as permanently and totally disabled by the employer/carrier on June 28, 1979, based upon Dr. Moore's letter stating that she would be unable to return to work due to her hip injury and that she suffered a permanent impairment of 70 percent of her lower extremity. She was paid compensation at the rate of $119 per week.
In an attempt to become productive and to counteract the effects of inflation on the value of her workers' compensation award, claimant submitted a request for an award of the commuted value of all future compensation. At a hearing before the deputy commissioner, her attorney introduced tables indicating a life expectancy of 21.5 years, resulting in a total payment of permanent total disability benefits in the amount of $89,678.84, after computation to present value at the four percent statutory discount rate. Claimant testified that she would invest the award in real estate rental property and presented evidence of her ability to manage such an investment. The employer/carrier cross-examined claimant's witnesses but presented no testimony to rebut her evidence.
The deputy commissioner entered an award denying claimant's request for lump sum advance payment because he found that it would materially prejudice the rights of the employer/carrier in two ways: (1) the statutory discount rate of four percent "in and of itself" would materially prejudice the rights of the employer/carrier as of the date of the hearing, and (2) advance payment would deprive the employer/carrier of the right to later challenge the claimant's status as permanently totally disabled if she were to regain her earning capacity.
Section 440.20(11)(d), Florida Statutes (1977) states that, when an application for an advance payment in excess of $2,000 is opposed by the employer or carrier, the deputy commissioner may order it paid if he finds that it is "for the best interest of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case." There has been no testimony that the lump sum payment is not in the best interests of the claimant; the employer/carrier has not rebutted her evidence of a sound, workable plan. Both parties agree that the payment of the lump sum will cost the carrier more than installment payments, due to the variance between the statutory discount rate and the interest rates presently available in the investment market. The issue is how these two factors are to be weighed in determining what is reasonable under the circumstances.
There is little case law in any jurisdiction concerning "material prejudice to the employer" or related concepts. No case has been cited to the court, and our research has disclosed none, holding that the variance between the discount rate and the investment potential of the award has constituted "material prejudice" to the employer.[1] We note that the workers' compensation *114 statute providing for lump sum payment has been seen as intended to enhance the value of benefits by giving the employee, rather than the employer/insurer, immediate use and control over the total amount, otherwise payable in installments. Umbreit v. Quality Tool, Inc., 225 N.W.2d 10, 302 Minn. 376 (1975).
This court is bound to enforce Section 440.20(10), Florida Statutes (1977), which provides for a four percent discount rate. The validity of that statute has not been challenged by the employer/carrier. The fact that the statutory discount rate is less than investment market interest rates is not a sufficient basis upon which to deny a lump sum advance payment to a claimant who is otherwise entitled to such an award. Were it so, no lump sum awards could be made in inflationary times. We therefore reverse the deputy's finding that the statutory discount rate of four percent materially prejudices the rights of the employer/carrier.
The deputy also found that the granting of advance lump sum payment would materially prejudice the rights of the employer/carrier by "depriving them of the right to later challenge the claimant's status as permanently totally disabled if she were to regain her earning capacity." The chance of claimant regaining earning capacity is highly speculative given the facts that claimant is a 62-year-old woman with a significant anatomical loss due to hip joint replacement, who has been accepted as permanently totally disabled by the carrier since June of 1979 and has shown no improvement in her condition since that time. Furthermore, even were there a probability of claimant recovering earning capacity in the future, Section 440.20(10), Florida Statutes (1977), appears to preclude such a probability as a contingency consideration affecting either the amount or duration of compensation awarded. The statute provides that the probability of death of the person entitled to compensation, or remarriage of the surviving spouse, before the expiration of the compensation period, are contingencies to be considered or provided for in the award, but states that "the probability of the happening of any other contingency affecting the amount or duration of the compensation ... shall be disregarded."
The basis of the deputy's denial of the lump sum advance payment was the finding that such an award would materially prejudice the employer/carrier, a finding which we reverse herewith. However, Section 440.20(11)(d), Florida Statutes (1977), additionally requires the deputy to find that the award of lump sum payment would be in the best interest of the claimant and reasonable under the circumstances. The order of the deputy in this regard is ambiguous,[2] and must be remanded for express determination of whether the best interest of the claimant would be served by the award of lump sum payment as required by Section 440.20(11)(d), Florida Statutes. Accordingly, the order below is reversed and *115 the cause remanded for the deputy's determination on the record before him of the statutory requirements concerning the best interest of the claimant and the reasonableness of the award under the circumstances of the case.
McCORD and WENTWORTH, JJ., concur.
NOTES
[1] In Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980), this court ruled that a judge of industrial claims has broad discretion in determining whether to approve a lump sum advance but reversed that order because it involved an abuse of discretion. In a concurring opinion, Judge R. Smith noted (382 So.2d 443, 445):

For reasons we cannot now recover, the 1935 legislature fixed the present value of Section 440.20(10) money at "4% true discount compounded annually;" and succeeding legislatures have left the rate unchanged. We must suppose, therefore, that the fluctuating value of money was not intended to be the predominant factor motivating a lump sum award. If the capacity of money to earn more in passive investments than the discount rate were reason enough to commute the periodic payments which are characteristic of the compensation system, then all awards to financially prudent claimants would be commuted in inflationary times. This cannot be.
See also, Brevard County School Bd. v. Walters, 396 So.2d 1197 (Fla. 1st DCA 1981).
[2] Order of the deputy dated December 2, 1981:

I find that the claimant's claim for advanced payment of the entire commuted value of all permanent total disability benefits to come due in the future should not be granted after giving "due consideration to the interest of all interested parties" as required by Section 440.20(10). I further find that the request for lump sum advance payment, if granted, would materially prejudice the rights of the employer and carrier. See Section 440.20(11)(d).