444 So.2d 39 (1983)
TRAVELERS INSURANCE COMPANY and Hurricane of Milton, Inc., Appellants,
v.
Daniel W. TAYLOR, Appellee.
No. AR-314.
District Court of Appeal of Florida, First District.
December 28, 1983.
Rehearing Dismissed January 25, 1984.
*40 Philip A. Bates of Emmanuel, Sheppard & Condon, Pensacola, for appellants.
John L. Myrick of Kinsey, Myrick & Troxel, Pensacola, for appellee.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a compensation order awarding claimant an advance lump sum payment of compensation benefits, in an amount equal to the attorney's fee awarded claimant's attorney, so that he could immediately pay his attorney the fee. The E/C argue, inter alia, that the award of the advance lump sum payment of compensation benefits was error. We agree and reverse.
The claim for permanent total disability (PTD) was not controverted by the E/C and PTD benefits have been timely paid. Since there was no basis for the assessment of the attorney's fee against the E/C pursuant to § 440.34(3), Fla. Stat., the claimant is responsible for the payment of his own attorney's fees. The claimant requested an advance, pursuant to § 440.20(13)(d), Fla. Stat., from the E/C of a sum sufficient to pay his attorney's fees. Claimant suggested that the E/C should be repaid in 180 equal monthly payments, without interest, by deducting this sum from his monthly compensation payments. The deputy awarded claimant's attorney a $12,000 fee to be paid by the claimant, although we question what benefits the attorney obtained for the claimant. The deputy also granted claimant's request for the advance of benefits in the amount of the fee.
Under the provisions of § 440.20(13)(d) such an advance payment must be approved by the deputy who must find that the advance payment "is for the best interests of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case." The deputy found that this suggested 180-month repayment plan would result in a deduction of $66.67 per month from the claimant's monthly compensation benefits, whereas if claimant's attorney held 25 percent of each monthly payment and applied it toward the fee, it would cost the claimant $40.83 more per month. The deputy therefore concluded the proposed repayment plan would be a financial advantage to claimant and in the best interest of the claimant since he would receive an additional $40.83 per month. This reasoning overlooks the fact that the 25 percent payment of claimant's monthly benefits to his attorney would result in his attorney's fees being paid in less than two-thirds of the 180 months, so that for more than the final third of the payback period the claimant would receive $66.67 more than he would under the advance payment proposal. The increased payments during the latter third of the 180-month period could be in the claimant's best interest because of inflation and a greater need for the money at a later date than at the present. To say the least, the advantage to the claimant and whether it is in his best interest is questionable. The proposal is obviously in the best interest of the claimant's attorney.
The deputy also found that such an advance would not materially prejudice the E/C and that the advance was reasonable under the circumstances. The requirement that the carrier advance the amount of the *41 fee and be repaid over a 15-year period, without interest, is prejudicial to the carrier as a matter of law. The carrier is being immediately deprived of the use of its money for up to 15 years. Under current market conditions the carrier could invest this money at an annual interest rate of from 8 to 12 percent. If the carrier loaned or advanced someone $12,000 to be paid back in 180 equal monthly installments at 8 percent annual interest on the unpaid balance it would earn in excess of $8,000 interest. Consequently, the carrier would lose an equal amount of money by lending or advancing it without interest. At an annual interest rate of 12 percent the carrier would lose almost $14,000, more than the sum advanced. Such a proposal and loss by the carrier must of necessity materially prejudice the carrier's rights and is not reasonable under the circumstances, particularly considering the questionable benefit to the claimant. The deputy is without authority to order an advance payment under the provisions of § 440.20(13)(d) over the objection of the employer or carrier unless he makes the required findings which must be supported by competent substantial evidence. There is nothing in the record that would support a finding that the carrier was not materially prejudiced and that the settlement was reasonable under the circumstances. On the contrary, the requirement of an interest free advance for 15 years affirmatively shows the carrier will be materially prejudiced.
Claimant contends that § 440.20(12)(b), Fla. Stat., authorizes the deputy to consider the 4 percent discount factor provided for in that section when making a partial advance payment of future compensation benefits awarded under subsection 13. Although he claims the workers' compensation bar has tended to incorrectly ignore that the 4 percent discount provided for in subsection 12 is applicable to subsections 13 and 14, the workers' compensation bar has correctly recognized that the 4 percent discount factor is inapplicable to a partial advance payment of compensation under subsection 13. The 4 percent discount factor applies only to the irrevocable lump sum washout settlements of all future compensation benefits that are now authorized, subject to far more restrictions than under § 440.20(10), Fla. Stat. (1977). Although it might be in the claimant's best interest to obtain a partial advance of future compensation, reduced to its present value, for rehabilitation or other worth-while purposes, it would not be in the claimant's best interest to obtain an advance, reduced to present value, in order to pay attorney's fees. This is because the discounting of the advance payment would have the effect of requiring him to pay interest on the advance obtained to pay his attorney's fee, when he has the right under § 440.34(4), Fla. Stat., to pay the attorney's fee over a period of time without interest.
Because the deputy's findings as to lack of prejudice and reasonableness are unsupported by competent substantial evidence, the order awarding an advance payment of an amount equal to the unpaid attorney's fee awarded claimant's attorney, to be repaid to the carrier over 15 years without interest, is REVERSED.
NIMMONS, J., concurs.
ERVIN, C.J., dissents.
ERVIN, Chief Judge, dissenting.
In reaching his decision approving an advance payment of $12,000, as attorney's fees, to be deducted from claimant's monthly compensation payments, the deputy expressly relied upon this court's opinion in Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1982), which involved an interpretation of Section 440.20(11)(d), Florida Statutes (1977). This statute is identical to Section 440.20(13)(d), Florida Statutes (1979), in requiring that an advance payment be found to be "for the best interests of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case... ." Sanford rejected the carrier's argument that the payment of the four-percent discounted lump sum amount to a *42 permanently totally disabled claimant would materially prejudice its rights simply because such payment would cost it more than the installment payments it was obligated to pay, due to the variance between the statutory discount rate and the interest rates then available in the investment market. The court specifically stated: "The fact that the statutory discount rate is less than investment market interest rates is not a sufficient basis upon which to deny a lump sum payment to a claimant who is otherwise entitled to such an award." 425 So.2d at 114.
Notwithstanding our decision in Sanford, the majority today holds that an advance payment, and the corresponding deduction of $66.67 per month from claimant's compensation payments over a fifteen-year period, for the purpose of reimbursing the carrier, materially prejudices it because the payments are directed to be made without any allowance for interest. Yet in Sanford, the denial of interest to the carrier on the lump sum amount of $89,678.84, as opposed to the market rate it would have been entitled during the 21.5 years of claimant's remaining life expectancy, if the amount had been paid in installments, was nevertheless determined not to be prejudicial. In my judgment, the two decisions cannot be rationally distinguished. Perhaps they are best understood in terms of the philosophical preferences shared by the individual members of the panel assigned to consider the particular case.
In the case at bar, the deputy was confronted with the difficult task of reconciling the competing interests of the respective parties in striking a just balance. The deputy found, and the record does not refute, that without the intervention of an attorney, the claimant would in all probability have not secured permanent total disability benefits. The order no doubt reflects the thoughtful awareness that if injured workers are to receive the assistance of able counsel, a means must be afforded the employee to meet his financial legal obligations in those instances in which the employer/carrier is not required by the Act to so compensate. One avenue of payment might be, as the majority has suggested, a reimbursement schedule of $107.50 per month directly to the attorney for a period of time slightly less than ten years. Such a protracted delay in receipt of fees would in all probability make the retention of competent counsel difficult, if not impossible, to obtain. The deputy was cognizant, as the order attests, that the nationwide insurer had the greater financial reserves than the attorney to bear the loss of the use of the money for the length of time involved. The order also reflects the implicit understanding that a totally impaired worker often has no other source of funds with which to pay for the services of counsel.
It is conceivable that some other method of advance payment might have been preferable to that chosen. This, however, is not the question before us. We are asked only to decide whether the method approved by the deputy is at variance with the provisions of section 440.20(13)(d). Sanford is persuasive authority for the position that it was not. In my judgment, the order on review represents an appropriate exercise of discretion that should not be disturbed on appeal. Cf. Zarahn v. City of Milton, 433 So.2d 41 (Fla. 1st DCA 1983). I would therefore affirm.