McCORD, GUYTE P., Jr. (Retired), Associate Judge.
In this workers’ compensation appeal the employer contends that the deputy erred in approving for claimant a lump-sum advance of $23,686. We agree and reverse.
Before approving such an advancement, the deputy must determine that it is in the best interest of the claimant, is reasonable under the circumstances of the case, and will not materially prejudice the rights of the employer/carrier. §§ 440.-20(12)(a) and (d), Fla.Stat. (1981). The operative inquiry is whether the advancement is in “the best interest of the person entitled to compensation,” and the mere fact that the claimant can receive a higher interest rate upon the advanced funds, and thus a better return on his expected benefits, is insufficient to demonstrate that the lump-sum payment is in his best interest, see Court of Flags v. Outland, 382 So.2d 443, 444 (Fla. 1st DCA 1980), just as it is insufficient to demonstrate material prejudice to the employer/carrier. See Sanford v. Alachua County School Board, 425 So.2d 112, 114 (Fla. 1st DCA 1982). Since the claimant has advanced no substantial justification for this lump-sum payment other than that he can receive this higher interest rate, we must conclude that the award is not supported by substantial competent evidence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.