453 So.2d 420 (1984)
CONE BROTHERS CONTRACTING and Whiting National Services, Appellants,
v.
James L. GORDON, Appellee.
No. AV-235.
District Court of Appeal of Florida, First District.
June 19, 1984.
Rehearing Denied July 26, 1984.
*421 Valerie A. Marshall, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Orlando, for appellants.
Bill McCabe, of Shepherd, McCabe & Cooley, and J. David Parrish, of Hurt & Parrish, P.A., Orlando, for appellee.
WIGGINTON, Judge.
The employer/carrier appeal a workers' compensation order wherein the deputy ordered the E/C to pay to claimant a lump sum advance of all future permanent total disability benefits commuted to a present value of $106,984.33. The E/C raise three points for our review: (1) whether section 440.20(10), Florida Statutes (Supp. 1978), as applied, amounts to an unconstitutional taking of the E/C's property without due process of law; (2) whether the lump sum award is in the best interests of the claimant and is reasonable under the circumstances, without resulting in material prejudice to the carrier; and (3) whether the award complies with the 1983 amendments to section 440.20, chapter 83-305, Laws of Florida. We affirm as to all three points.
Claimant, who was forty-five years old at the time of the hearing, married and having two minor children to support, was involved in an industrial accident on November 4, 1978. He was ultimately declared to be permanently and totally disabled and was awarded appropriate periodic benefits by order entered on November 25, 1980.
In May, 1983, claimant petitioned for a lump sum advance of all permanent total disability benefits pursuant to section 440.20(10), Florida Statutes (Supp. 1978),[1] alleging that such an advance would be in his best interests, would not materially prejudice the rights of the employer and carrier, and would be reasonable under the circumstances. At the hearing on the petition claimant introduced a financial plan and called as a witness the financial consultant who had prepared the plan, as evidence that a lump sum advance would be advantageous. Claimant also testified that he would follow the plan, which would result in his having a net monthly increase in income from approximately $665 to approximately $824, as well as afford him and, incidentally, his dependents, greater financial security. Claimant testified that his wife did not work, as it was necessary for her to remain at home and take care of him because of his permanent disability. The amount requested by claimant was derived by the consultant through use of a formula utilizing claimant's life expectancy, in accordance with the most recent United States Life Tables as required by section 440.20(10), the 4 percent discount factor, also mandated by the statute, and claimant's compensation rate.
In ordering the payment of the $106,984.33 lump sum, the deputy concluded that the E/C adduced no evidence that claimant's physical condition would improve or that his life expectancy would decrease. The deputy therefore rejected the E/C's argument that a lump sum advance would materially prejudice their rights by depriving them of the right to later challenge claimant's status as permanently and totally disabled if he were to regain his earning capacity or suffer a premature *422 death. The deputy also pointed out that the probability of the happening of any contingency other than the claimant's life expectancy is to be disregarded under section 440.20(10).
Moreover, the deputy rejected the E/C's argument that the statutory discount rate of 4 percent, alone, materially prejudices their rights. Relying on this Court's decision in Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1982), the deputy held that the fact the discount rate is less than investment market interest rates is an insufficient basis on which to deny a lump sum advance payment to an otherwise qualified claimant. He concluded that there was absolutely no evidence of material prejudice to the employer/carrier; the statutory 4 percent discount rate adequately protects the carrier's security interest; and a lump sum advance payment of all future permanent total disability benefits would be in claimant's best interests and reasonable under the circumstances.
Finally, the deputy held that the 1983 amendments to sections 440.20(10) and 440.20(11)(d), increasing the discount rate to 8 percent and limiting the amount to be advanced to $7,500 in any 48-month period, were substantive amendments and prospective only. Consequently, the deputy would not apply them to the instant case.
We first address the employer/carrier's third point, for should we agree with their position that the 1983 amendments are procedural, and therefore to be applied retroactively, we would then find it unnecessary to reach their constitutional argument made under Point I. However, we do not agree with the E/C on this point, and accordingly, affirm.
As claimant's injury took place in November, 1978, the statute applicable to claimant generally, for substantive purposes, is the 1978 supplemental version. Section 440.20(10), Florida Statutes (Supp. 1978), provides that a lump sum award shall be computed at a 4 percent true discount.
In 1979, section 440.20(10) was renumbered as section 440.20(12) and was subdivided. See chapters 79-400 and 79-312, Laws of Florida. Section 440.20(12)(b), Florida Statutes (1979), continues to provide for a 4 percent discount rate.
However, in 1983, the legislature substantially amended section 440.20(12) and section 440.20(13) (formerly section 440.20(11), Florida Statutes (Supp. 1978)), providing for an 8 percent discount rate and limiting a claimant's receipt of a lump sum advance payment in excess of $2,000, to $7,500 or twenty-six weeks of benefits in any 48-month period, whichever is greater. Chapter 83-305, Laws of Florida; section 440.20(12)(c) and (13)(d), Florida Statutes (1983). Although the effective date of these amendments was June 30, 1983, id, the E/C, nonetheless, would have us apply them to claimant's case, arguing that they are procedural in nature, as dealing primarily with the "amount and timing" of a lump sum advance.
Once again, we emphasize the venerable rule of statutory construction that absent clear legislative expression to the contrary, a law is presumed to apply prospectively. See Special Disability Trust Fund, et al. v. Motor and Compressor Company, 446 So.2d 224, 227 (Fla. 1st DCA 1984), and cases cited therein. Nothing in chapter 83-305 suggests that the 1983 amendments to sections 440.20(12) and (13), Florida Statutes (1979), should operate in any way other than prospectively. Nor are we persuaded that the amendments with which we are concerned herein are anything but substantive in nature. Both the increase in the discount rate to 8 percent and the $7,500 cap placed on the lump sum payments work to substantially reduce a claimant's award.
All parties had expectations, entitlements, and perceptions arising from the 1978 version of chapter 440. Specifically, sections 440.20(10) and 440.20(11)(d), Florida Statutes (Supp. 1978), set forth those rights and liabilities, in the form of the amount and kind of benefits to be paid and received, "to enable a disabled claimant to *423 become a self-sustaining and productive member of society." Herndon v. City of Miami, 224 So.2d 681, 682 (Fla. 1969). We decline to ride roughshod over these rights and liabilities by accepting the E/C's argument.[2]
By our holding that section 440.20(10), Florida Statutes (Supp. 1978) is applicable in the instant case, we must necessarily decide the issue raised under the E/C's first point, whether that section, as applied, amounts to an unconstitutional taking of their property without due process of law. To support their position, the E/C argue that a lump sum advance payment unconstitutionally deprives the carrier of property in that the carrier is required to provide a claimant benefits to which he is not yet, or may never be, entitled, and also that the lump sum award could either cause a carrier to increase premiums substantially or to run the risk of being left without adequate funds to pay other claims as they arise, ultimately being forced out of business. In essence, the E/C argue that the "practical operation" of the statute renders it unconstitutional.
No evidence was presented at the hearing to support any of these allegations. The E/C have simply failed to show that the statute, as applied to them, is arbitrary and capricious, or oppressively prejudicial, other than by expounding on what is pure speculation. We therefore decline to hold that section 440.20(10) is unconstitutional.
Finally, we reach the E/C's second point, under which they raise the issue whether the lump sum award is in claimant's best interests and reasonable under the circumstances, without resulting in material prejudice to the carrier. We answer in the affirmative and affirm the deputy's award.
Although "[t]here is no mandatory requirement in the workmen's compensation law that the claimant produce expert testimony at a hearing to obtain an advance payment of compensation." Herndon v. City of Miami, 224 So.2d at 682-683, in this case claimant did produce a financial consultant who testified to a comprehensive, interlocking financial plan structured around an annuity, which would assure that claimant would have savings, security, and income within a manageable cash flow. The E/C did not rebut the consultant's testimony with any evidence suggesting the financial plan would not be properly utilized or would not meet claimant's obligations.
As to their argument that claimant might die before the annuity is depleted, which contingency they argue is to them materially prejudicial, we note that claimant's life expectancy was calculated at twenty-seven years, seven years beyond the life of the annuity. The E/C did not adduce evidence to the contrary.
Nor did the E/C adduce evidence of material prejudice, but only argued the 4 percent discount factor as effecting that result. The fact that the discount rate is less than investment market interest rates is not a sufficient basis upon which to deny a lump sum advance payment to a claimant who is otherwise entitled to an award. Sanford v. Alachua County School Board, 425 So.2d at 114. Nor do we feel that our opinion in Travelers Insurance Company v. Taylor, 444 So.2d 39 (Fla. 1st DCA 1983) should compel a different result. The circumstances in Taylor did not involve an advance payment of all future compensation benefits in exchange for the employer/carrier's release, thereby calling into play the 4 percent discount factor of section 440.20(12)(b), Florida Statutes (1979). Rather, we held in Taylor that "as *424 a matter of law" a carrier is materially prejudiced by an order requiring it to advance in lump sum, benefits sufficient for the claimant to pay his attorney's fee, where the carrier would be repaid by deducting a sum certain without interest, over a 15-year period. There was also no consequent release from liability involved.
We also distinguish this case from Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980), wherein the claimant sought an advance solely for the benefit of someone other than himself. In the instant case, however, the financial plan produced by claimant would enable him to manage his life, which undeniably means providing for his family, an ability presently denied him by his crippling industrial injury and concomitant periodic receipt of disability benefits.
Accordingly, we affirm the deputy commissioner's order directing payment of the lump sum advance of compensation, which payment, we emphasize, as did the deputy, is to be utilized in accordance with the investment plan and relevant testimony at the hearing.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Section 440.20(10), Florida Statutes (Supp. 1978) provides in part:

Upon the application of any party in interest and after giving due consideration to the interests of all interested parties, if a judge of industrial claims finds that it is for the best interests of the person entitled to compensation, said judge of industrial claims may enter a compensation order requiring that the liability of the employer for compensation shall be discharged by the payment of a lump sum equal to the present value of all future payments of compensation, computed at 4 percent true discount compounded annually, or requiring that the employer make advance payment of a part of the compensation for which said employer is liable by the payment of a lump sum equal to the present value of such part of the compensation, computed at 4 percent true discount compounded annually... .
[2] We distinguish this case from Myers v. Carr Construction Co., 387 So.2d 417 (Fla. 1st DCA 1980), in which we held section 25, chapter 78-300, amending the interest rate in section 440.20(7) from 6 percent to 12 percent, to be remedial in character and therefore applicable to currently accruing liability arising from an injury that occurred prior to its effective date, although the 6 percent figure still applied to the E/C's liability for compensation prior to the new statute's effective date. In contrast, we are dealing with neither a remedial statute nor "currently accruing liability," but, instead, a statutory right assertible with expectations and liabilities which became fixed at the time of the injury.