SHIVERS, Judge.
The Special Disability Trust Fund (the Fund) in these consolidated workers’ compensation cases appeals the deputy’s orders finding that the Fund waived its right not to be joined as a party to the settlement/washout proceeding (Case No. AU-218) and finding that the settlement' was reasonable from the perspective of the Fund in the reimbursement proceeding (Case No. AW-83). We affirm on the basis that the settlement was reasonable from the perspective of all interested parties, including the Fund. However, we find that the deputy erred while in the process of reaching the correct result.
First, we find error in the deputy’s finding in Case No. AU-218 that the Fund waived its right not to be a party to the settlement/washout proceeding by including the following pertinent language in its (the Fund’s) letter offer of reimbursement:
The Fund considers itself an interested party in any washout in this matter and requests timely notification if a washout is contemplated. Failure to notify the Fund and obtain its consent to a washout may waive the employer/carrier’s right to reimbursement from the Fund.
We find that this language merely states the legal status of the Fund and the employer/carrier’s requirement as to notice as mandated by case and statutory law. See Special Disability Trust Fund v. Tropicana, Etc., 358 So.2d 1 (Fla.1978); section 440.49(2)(i), Florida Statutes (1979). Accordingly, we find and hold that the deputy improperly joined the Fund as a party to the settlement/washout proceeding. However, remand is unnecessary in this case since the Fund declined to present any evidence at the settlement hearing; the Fund waited to present its evidence at the reimbursement hearing.
Second, we find error in the deputy’s finding in Case No. AW-83 that the Fund lacks standing to raise the defense that a settlement is unreasonable from the standpoint of the Fund when a settlement is reasonable from the standpoints of the employer/carrier and the claimant. Our approval of this finding would nullify the provisions of Florida Statutes section 440.-49 and 440.20(12) and (13), which latter subsections should be read in pari materia with section 440.49. Accordingly, we find and hold that the Fund does have standing to contest the reasonableness of a settlement/washout entered into between an employer/carrier and a claimant from its per *464 spective in a reimbursement proceeding. However, we agree with the deputy’s alternative finding in Case No. AW-83 that the settlement sub judice was reasonable even from the standpoint of the Fund and we affirm on that basis. We also affirm the deputy’s findings that a claimant’s life expectancy is the proper criterion to be used in determining a claimant’s probability of death pursuant to section 440.20(12)(b) and that the possibility of claimant regaining his earning capacity is to be disregarded in this calculation. See Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984); Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1982). Accordingly, Case No. AW-83 is affirmed.
AFFIRMED in part, REVERSED in part without remand.
MILLS and WIGGINTON, JJ„ concur.