ON MOTION FOR REHEARING OR FOR CLARIFICATION
JOANOS, Judge.
We note the apparent confusion created by the disposition of consolidated cases involving dissimilar factual situations with the application of similar legal considerations by the deputy commissioner in each case. For this reason, in response to Ap-pellees’ motion for clarification, we clarify our previously issued opinion in these causes.
Our reliance upon the newly imposed statutory cap on lump-sum advance payments and the concurrent change in discount rate applicable to lump-sum payments for all future benefits should not be interpreted to require both statutory changes before substantive rights are affected. Each, within itself, substantially affects a claimant’s award.
Our purpose in these consolidated appeals was to address the retroactive application of section 440.20(13)(d), Florida Statutes (1983). We have found that the statutory cap may not be retroactively applied to accidents occurring before its effective date.
We find no conflict with our decision in Travelers Insurance Company v. Taylor, 444 So.2d 39 (Fla. 1st DCA 1983), as we have made no determination that the discount rate would be applied to partial advance payments.
Accordingly, we adhere to our previously issued opinion as clarified, and deny appel-lees’ motion for rehearing.
SMITH and ZEHMER, JJ., concur.