ZEHMER, Judge.
In this workers’ compensation case, claimant appeals an order denying advance payment of all or a portion of his permanent total disability benefits. We find that the record contains competent, substantial evidence to support the deputy’s findings *568 of fact and that the deputy properly applied the correct law to the facts so found. Accordingly, we affirm.
We write this opinion for the principal purpose of focusing attention on a serious problem that frequently arises out of the present provisions of the workers’ compensation act regarding payment of claimants’ attorneys’ fees. This case dramatically illustrates why, in disputed compensation cases where a claimant can pay attorney’s fees only out of the benefits recovered, competent attorneys are motivated to decline representation of claimants based on the pure adverse economic consequences of doing so.
The claimant here is a sixty-six year old Columbian who speaks no English. He was injured on November 14, 1981, and shortly thereafter retained his present counsel to assist in obtaining benefits denied by the employer and carrier. Some sixteen months later, on March 7, 1983, the employer and carrier accepted his claim for permanent total disability benefits, which amount to $980.40 per month. In the same order, the deputy approved an attorney’s fee in the amount of $23,883.75 for the services of claimant’s attorney and ordered that claimant use fifteen percent from each compensation check to pay the fee. This results in payments to the attorney of $147 per month over thirteen and one-half years until the entire $23,883 is paid. We note that claimant and his attorney apparently agreed to this arrangement so that claimant could have sufficient funds each month to meet his living expenses and avoid penury-
As the deputy approved the fee in his order, we must assume that it was a reasonable amount for the services performed. In today’s economic environment — with interest rates at twelve percent per annum and higher — ordering the fee paid in this manner has reduced its present value to less than $13,000. Indeed, simple monthly interest on the principal sum owed, calculated at ten percent per annum, amounts to $199 per month, or $52 per month more than the monthly payment due the lawyer. Claimant’s attorney indicated that he plans to retire in the near future and would like to receive his fee now.
The 1979 workers’ compensation law, as amended prior to November 1981, is applicable in this case. The 1979 enactment contained comprehensive changes designed to make the workers’ compensation system “self-executing” and thereby substantially reduce the injured claimant’s need for representation by an attorney. The claimant’s need for representation, though somewhat abated by these changes, nevertheless has continued to be significant. For this reason, section 440.34, Florida Statutes, contains elaborate provisions governing the payment of a claimant’s attorney’s fees under the direct supervision and approval of the deputy commissioner and the court. That section now makes the claimant fully responsible for payment of his own attorney’s fees in all but the three limited situations where the employer and carrier are required to pay such fees. The three exceptions are (1) when the claimant successfully asserts a claim for medical benefits only and is not entitled to file for certain disability benefits at that time; (2) where the carrier has acted in bad faith with regard to handling the employee’s claim; and (3) where the employer or carrier denies a compensable injury occurred and the claimant prevails on the issue. The vast majority of litigated compensation cases involve the extent of claimant’s compensable injury, i.e., whether temporary or permanent, whether total or partial, or whether earning ability is actually impaired or wages actually lost. In such cases, the claimant is, in the absence of bad faith by the carrier, afforded no right to recover attorney’s fees. Hence, in most disputed cases claimants themselves are responsible for payment of their attorney’s fees and such fees are made a lien upon compensation benefits awarded the claimant. § 440.-34(4), Fla.Stat.
As a matter of “stated policy,” the present act encourages periodic payment of *569 benefits to claimants and discourages lump-sum settlements. § 440.20(12), Fla. Stat. Similarly, the act contains substantial limitations on advance payment of compensation benefits, whether agreed to by both parties or sought by the claimant over objection of the employer or carrier. When the claimant seeks an advance payment, as in this case, the deputy commissioner must determine, based upon competent, substantial evidence, that such advance is in the best interest of the claimant, is reasonable under the circumstances, and will not materially prejudice the rights of the employer and carrier. § 440.20(13)(d), Fla.Stat. This court recently held that a partial advance for the purpose of paying claimant’s attorney’s fees is prejudicial to the carrier because it would require the carrier to advance the sum at a discount well below the current market interest rates and cause the carrier to lose income it would otherwise earn; thus, it is not a sufficient reason to justify such advance. Travelers Insurance Co. v. Taylor, 444 So.2d 39 (Fla. 1st DCA 1984). By similar reasoning, forcing the claimant’s attorney to delay receipt of his fee over thirteen and one-half years through monthly payments less than the market interest on the fee is equally prejudicial to a claimant’s attorney.
The facts in this case readily demonstrate the need for more equitable provisions for payment of claimants’ attorneys’ fees, whether by advance payment of benefits or shifting the burden for payment of fees to the employer and carrier in a broader range of cases. Because the situation here is far from being an isolated incident, we recommend to the Division of Workers’ Compensation and to the Florida Legislature that this problem be given further serious study and resolved through appropriate statutory revision.
The order below is reluctantly AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.