MILLS, Judge.
In this workers’ compensation action, Edgewood Boys’ Ranch Foundation and New Hampshire Insurance Company (E/C) appeal a lump sum award of permanent total disability (PTD) benefits. We affirm.
Robinson became a quadraplegic as a result of an industrial accident on 7 August 1975. He is currently 32 years old, married and has an 8-year-old daughter. The parties agree he is permanently and totally disabled. On 22 March 1983, Robinson petitioned for a lump sum advance of PTD benefits. The hearing on the petition was held on 5 May 1983.
Robinson's financial consultant, Turner, testified he had analyzed Robinson’s financial situation and prepared a plan for restructuring income and a financial program for the Robinsons. Turner also testified Robinson’s future PTD benefits reduced to present value equaled $111,000. This figure was based on Robinson’s life expectancy, the 4% statutory discount rate, and his compensation rate of $105 per week.
The financial plan was admitted into evidence. It was structured around the pur *1271 chase of a $50,000, 30-year annuity and a new house specially constructed to accommodate Robinson’s physical condition. The plan provides for a net increase in spendable income of $569 per month.
Both Robinson and his wife testified they felt the lump sum advance would be in their best interests. Robinson testified the specially designed home would allow him greater independence.
Dr. O’Conner, Robinson’s original attending physician, prepared a report stating Robinson should have a normal life expectancy. This report was admitted into evidence at the hearing. The E/C presented no evidence concerning Robinson’s life expectancy.
By order dated 14 July 1983, the deputy granted the petition. He found Robinson has “a total diminution of wage earning capacity with little chance of returning to gainful employment in a competitive labor market setting.” The deputy also found the lump sum award would not materially prejudice the rights of the E/C, would be in the best interests of the claimant, and reasonable under the circumstances. The deputy ordered the E/C to pay Robinson $111,-000 as a lump sum advance of PTD benefits, “said money to be utilized for those purposes set forth in the investment plan and testimony at this hearing.”
The E/C argue: (1) Section 440.20(10), Florida Statutes (1975), is unconstitutional as applied; (2) the lump sum award is not in the best interests of the claimant, materially prejudicial to the carrier, and unreasonable under the circumstances; and (3) the 1983 amendments to Section 440.20(12) and (13), Florida Statutes (1979), Chapter 83-305, Laws of Florida, operate retroactively. We affirm on authority of Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984)[1].
In Gordon, the same arguments advanced in this case for the unconstitutionality of Section 440.20(10), Florida Statutes (1975), and the retroactivity of the 1983 amendments were rejected. The deputy’s findings that the award is in the best interests of the claimant, not materially prejudicial to the E/C, and reasonable under the circumstances are supported by competent substantial evidence.
AFFIRMED.
SHIVERS and WIGGINTON, JJ„ concur.

. We note a petition for review of our decision in Gordon by the Florida Supreme Court was filed on 24 August 1984.