MILLS, Judge.
In this workers’ compensation case, Ven-tura appeals from an order denying her claim for a lump sum advance of permanent total disability (PTD) benefits. We affirm.
Ventura, a 57-year-old woman, had an industrial accident on 9 April 1981. After being accepted by the employer/carrier (E/C) as permanently and totally disabled, she requested a lump sum advance of all PTD benefits. The E/C opposed the request.
At the hearing, Ventura testified that if awarded the lump sum of approximately $100,000, she would purchase three townhouses in Panama City, one to live in and two to rent. The total cost to purchase the townhouses would be $98,700.
The E/C did not introduce evidence at the hearing, but cross-examined Ventura as to her knowledge of and experience in real estate investment and management. Ven-tura admitted she had no prior experience as a landlord.
The deputy denied the lump sum request on two grounds. First, she found the 26-week or $7,500 lump sum limitation enacted in 1983 as an amendment to Section 440.-20(13)(d), Florida Statutes (1981), governed Ventura’s claim. Because the claim exceeded the limitation, it had to be denied.
The second reason for denying the request was:
[Claimant's evidence submitted in support of her request for an advance does not override the statutory presumption that it is in the best interest of the claimant to receive her benefits in periodic payments. There is no showing that the claimant could not make the same purchase of real estate as she desires through mortgage financing and it is deemed ill advised to place every penny *416 of her present and future assets in one investment in real estate, a field in which the claimant is admittedly inexperienced.
Ventura contends, and the E/C concede, the deputy erred in applying the 1983 amendment to Section 440.20(13)(d) retroactively. This statutory change applies prospectively only. Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984). We affirm, however, based on the deputy’s second reason for denying the request.
Ventura contends the deputy’s second reason for denying the lump sum advance is not supported by competent substantial evidence. Citing Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1982), and Herndon v. City of Miami, 224 So.2d 681 (Fla.1969), she argues that the E/C’s failure to present evidence showing the investment plan not in her best interests and materially prejudicial to the rights of the E/C precludes denial of a lump sum advance.
The E/C counter, arguing Ventura misconstrues the E/C’s evidentiary burden by suggesting the E/C’s failure to present evidence “against” a lump sum award prevents the deputy from finding such an award not in the claimant’s best interests. They assert the deputy is free to decide from the claimant’s evidence of her financial plan whether a lump sum award is in the claimant’s best interests.
Before awarding an advance payment in excess of $2,000, the deputy is required by statute to find the advance payment (1) for the best interests of the person entitled to compensation, (2) not materially prejudicial to the rights of the E/C, and (3) reasonable under the circumstances. Section 440.20(13)(d), Florida Statutes (1981). But nowhere in the statutes or the case law do we find a requirement that a deputy’s determination that one or all of these elements has not been satisfied must be based on evidence presented by the E/C.
In Sanford, the deputy denied a claim for a lump sum advance because he found it materially prejudicial to the rights of the E/C. This Court reversed that finding and remanded the case for a determination of whether the award was for the best interests of the claimant and reasonable under the circumstances.
In Herndon, the court reversed a decision of the Industrial Relations Commission denying a claim for a lump sum advance. The court disagreed with the IRC’s determination that the claimant was required to offer evidence of a property appraiser as to the value of the real estate to be purchased with the advance.
Neither Sanford nor Herndon supports the claimant’s position in this case. Ventura’s own testimony, revealing her lack of knowledge of and experience in real estate investment and management, was competent substantial evidence from which the deputy could conclude a lump sum advance was not in Ventura’s best interests.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.