JOANOS, Judge.
In this appeal of a workers’ compensation order awarding a lump sum payment to the claimant, the employer and carrier contend the record lacks competent substantial evidence that the award is in the claimant’s best interests. We agree and reverse the order.
In seeking lump sum payment, the claimant, who planned to relocate to Alabama, submitted expert testimony as to an invest-mént plan that would allow him to meet monthly expenses. The expert, Mr. Scano-lon, said that claimant needed approximately $2,000.00 per month to meet his needs. His current resources included $865.00 per month in total family Social Security benefits and $146.00 per month from a union disability plan, therefore he needed another approximately $1,000.00 per month. Mr. Scanolon devised a plan that required a lump sum payment of $181,979.71. Of that amount, $42,000.00 was needed for the purchase of a new home and relocation and $20,000.00 was needed to pay off outstanding debts. Of the remaining $120,000.00, $50,000.00 would be invested in stocks which Scanolon calculated would yield an average of $302.00 a month. The remaining $70,000.00 would be placed in interest bearing securities which would yield about $687.00 a month. Scanolon recognized that this income would be taxable. He also said that as he understood it, there would be no impact on claimant’s Social Security benefits. He advised that claimant should not change investments without professional advice. He had selected the particular investments for diversification, long-term growth, and as a hedge against inflation. He thought the plan would restore to the claimant a sense of financial security, and that monitoring the investments would keep the claimant mentally active. Scano-lon said that for the plan to work, the funds would have to remain invested.
In her order, the deputy commissioner found:
Claimant has demonstrated that a lump sum payment will definitely aid his rehabilitation by stimulating his obvious intellectual capabilities and is clearly in his best interest because it provides permanent financial security for his family and enables him to pay off existing debts thereby eliminating their attendant servicing costs. In addition, claimant intends, in the near future, to move to Lee County, Alabama, to be near relatives and to secure specialized medical treatment.
The deputy commissioner calculated that claimant was entitled to a lump sum payment of $125,530.54 based on a weekly compensation rate of $186.00, after taking a Social Security offset, and a life expectancy of 18.2 years. No error in calculation is alleged.
The employer and carrier contend there is no competent substantial evidence that *923 this lump sum payment is in claimants best interests and we agree. The general policy with regard to lump sum payment is stated in Section 440.20(12)(a), Florida Statutes (1981):
It is the stated policy for the administration of the workers’ compensation system that it is in the best interests of the injured worker that he receive disability or wage-loss payments on a periodic basis. Lump-sum payments in exchange for the employer’s or carrier’s release from liability for future payments of compensation, other than for medical expenses, shall be allowed only under special circumstances, as when the claimant can demonstrate that lump-sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump-sum payments will avoid undue expense or undue hardship to any party, or that such claimant has removed himself or is about to remove himself from the state.
The three main areas of inquiry in lump sum award cases are whether such payment would be in the best interests of the person entitled to compensation, would not materially prejudice the rights of the employer/ carrier, and would be reasonable under the circumstances of the case, Herndon v. City of Miami, 224 So.2d 681 (Fla.1969). The issue in this case is whether the lump sum payment is in the claimant’s best interests.[1] While we recognize that the deputy commissioner has broad discretion in determining whether a lump sum award is in a claimant’s best interests, Herndon, supra, Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980), there is no competent substantial evidence that this lump sum award is in the claimant’s best interests because there is no competent substantial evidence that he will be able to meet his financial needs with a lump sum payment of $125,530.54. As appellant points out, after relocation expenses and outstanding debts are paid, approximately $64,000.00 will be available for investment. The investment plan about which Scanolon testified required $120,000.00 initially to be invested in stocks and securities. Only about half that amount is available for investment under this award. While it is not required that expert financial testimony be presented in order to justify a lump sum award, see Cone Bros. Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984), in this case the sum and substance of the evidence regarding a workable plan was submitted by way of expert testimony and focused on an award of $181,979.71. In devising the plan, Mr. Scanolon apparently assumed the continuation of Social Security payments to help meet monthly expenses, but did not take into account the set-off. Under these circumstances, we conclude the deputy commissioner erred in finding the award would be in claimant’s best interests because there is no competent substantial evidence to show the award would enable claimant to meet his financial obligations and provide permanent financial security, which was the premise for the award.
The order of the deputy commissioner is REVERSED. Claimant’s unauthorized reply brief is stricken.
BOOTH, C.J., and MILLS, J., concur.

. See generally Edgewood Boys Ranch Foundation v. Robinson, 456 So.2d 1270 (Fla. 1st DCA 1984); American Mutual Insur. Co. v. Patrick, 453 So.2d 424 (Fla. 1st DCA 1984); Cone Bros. Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984); Exxon Co. v. Orlando, 444 So.2d 584 (Fla. 1st DCA 1984); Sanford v. Alachua County School Boards, 425 So.2d 112 (Fla. 1st DCA 1983).