NIMMONS, Judge,
concurring in part and dissenting in part.
I concur with the majority’s reversal of the subject order. However, my problem *530 with the deputy’s order requiring the employer/carrier to pay the $52,000 lump-sum advancement is not limited to the technical shortcomings in the deputy’s effort to establish a trust apparatus governing the expenditure of the subject funds. Rather, I would hold that there was insufficient evidence supporting an order directing payment — whether directly to the claimant, or through a vehicle such as a trust, or otherwise — of such an advancement. More specifically, there is not competent substantial evidence to support a finding that the payment of benefits via a lump-sum advancement is in the claimant’s best interest, a prerequisite under Section 440.20(10), Florida Statutes (1975), the statute applicable in the instant case.
The deputy found that the claimant continued to suffer from alcohol problems and that his abuse of alcohol had plagued him for a period of seven years commencing some time after the subject 1976 industrial accident. The claimant had experienced three periods of treatment in alcohol abuse centers and a visit to a detoxification center.
The claimant sought the partial advancement of permanent total disability benefits so that he could establish himself in the construction business as a general contractor. He had never operated a general contracting business. He testified to vague notions of what it would take to become a licensed and bonded general contractor. The claimant’s training and background for the successful operation of a general contracting construction business are somewhat sparse.
Since his accident, the claimant has not demonstrated any reasonable business acumen or ability to manage money. After receiving $168,000 in a third party action against the tortfeasor responsible for his injuries, such funds were admittedly soon dissipated through imprudent spending.
When the claimant expressed a desire to enter the taxidermy field, the employer/carrier advanced approximately $4,000 to put him through taxidermy school in Wisconsin. However, he failed to pursue taxidermy after his training.
In addition to his other problems, the claimant is heavily indebted, including, among other indebtedness, $12,000 owed to pawnshops.
In spite of the claimant’s apparently sincere expressions of his desire to establish his own general contracting business, I am unable to agree that there is competent substantial evidence to support a finding that the proposed business venture was reasonably likely to succeed and thus in his best interests within the meaning of Section 440.20(10), Florida Statutes (1975).[1] I would therefore reverse outright the deputy’s order.

. I do not take issue with the majority’s tacit finding that the deputy’s order did not run afoul of the requirement that an advancement must not materially prejudice the rights of the employer/carrier. See Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980). The employer/carrier failed to offer any evidence of prejudice which would be occasioned to it by such advancement.