SHIVERS, Judge.
The City of Miami appeals from the deputy commissioner’s order awarding claimant, Robert Mercer, a $50,000 partial lump sum advance for the purpose of purchasing a Cessna 172 airplane. The issue in this case is the correctness of that award. We hold that the advance was not in the best interests of the claimant, and reverse.
Prior to his industrial accident, claimant worked as a police officer for the City of Miami. Claimant was injured when he fell out of a moving car on July 26, 1979. At the time of his accident, claimant’s wife worked as a nurse for a Miami hospital earning approximately $10,000 a year. The combined income of claimant and his wife for the year of claimant’s industrial injury was approximately $40,000. The financial situation of claimant’s family has deteriorated since his injury, and the family income is now approximately $840 a month. Part of the reason for this deterioration is that claimant’s wife, due to medical problems, is presently unable to work.
Claimant moved from Miami to Deland, Florida, in the summer of 1982. He and his wife live with his mother-in-law. Claimant’s financial condition prompted him to seek the aid of Barry Green, a rehabilitation counselor, for advice on how to structure a financial solution that would lessen his problems. Green concluded that claimant’s physical limitations made it impossible for him to obtain employment on a full or part-time basis in a competitive job market. Claimant and Green decided claimant should undergo some kind of training which would help him acquire a skill which would later assure him a steady source of income. Claimant and Green ultimately decided claimant should take up aviation training because it was an area in which he had long expressed an interest, and because claimant’s home is within walking distance of a local airport where he could give flight lessons to students. Green testified that claimant’s projected income as a flight instructor would be between $10,000 and $15,000 a year and that there were available students at the airport nearby claimant’s house to whom claimant could give flight lessons. It also appears from the record that Harry Singleton, a fixed base operator in Deland, offered claimant part time employment while claimant pur *150 sued his licenses, and that Mr. Singleton had made a commitment to allow claimant to teach ground school and to eventually permit him to work as a flight instructor. Mr. Singleton also owns at least six airplanes which claimant’s prospective students could rent.
Prior to the deputy commissioner’s award furnishing him with the necessary money to purchase a Cessna aircraft, claimant had already received two previous lump sum advances neither of which have enabled him to become economically self-sufficient. The first lump sum advance, granted in August of 1982, was for $15,-000, and was to be used to purchase a homestead and farm in Central Florida. The second award, which was granted in January of 1984, was for $7,500.
The real dispute in the instant case revolves around another feature of claimant’s rehabilitation plan, namely his request for a lump sum advance to purchase a Cessna 172 airplane. The deputy commissioner responded favorably to this request, stating in his order that “owning his own aircraft will enable the claimant to continue to generate income, even during periods when he is physically unable to perform himself, through aircraft rental and sales.” It is the correctness of this award which the City of Miami disputes in this appeal.
Section 440.20(13)(d), Florida Statutes (1985), requires a determination that a lump sum payment be in the claimant’s “best interests.” Special Disability Trust Fund Dept, of Labor and Employment Security v. EJ. Sales and Service, 497 So.2d 684 (Fla. 1st DCA 1986). While the deputy commissioner has broad discretion in determining what is in the best interests of the claimant, Herndon v. City of Miami, 224 So.2d 681 (Fla.1969), that discretion is not without limit. Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980).
Section 440.20(12)(a), Florida Statutes (1985), recognizes that periodic payments are generally to be preferred as a means of compensating injured claimants:
It is the stated policy for the administration of the workers’ compensation system that it is in the best interests of the injured worker that he receive disability or wage-loss payments periodically. Lump-sum payments in exchange for the employer’s or carrier’s release from liability for future payments of compensation, death benefits, and rehabilitation expenses other than for medical expenses shall be allowed only under special circumstances, as when the claimant can demonstrate that lump-sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump-sum payments will avoid undue expense or undue hardship to any party, or that such claimant has removed himself or is about to remove himself from the state.
See also Collins v. F & J Fixtures, 498 So.2d 1323, 1326 (Fla. 1st DCA 1986) (recognizing strong statutory policy favoring periodic benefits). As we have already indicated, Mr. Singleton, the fixed base operator with whom claimant would be closely working, owns at least six airplanes. This would reduce the need for claimant to own his own plane because claimant’s students may simply rent one from Mr. Singleton. Moreover, claimant will be spared many of the responsibilities and costs which attend personal ownership of an airplane such as maintenance and repair. Further, the record discloses that claimant has virtually no experience in the running of a small business except for a brief and unsuccessful attempt at refurbishing old pianos. In Ventura v. Palm Springs General Hospital, 463 So.2d 414 (Fla. 1st DCA 1985), we affirmed a deputy commissioner’s denial of a lump sum advance where the evidence indicated the claimant had little knowledge or experience in real estate investment and management. In light of claimant’s lack of business experience, the Ventura rationale is equally applicable here.
Finally, we note that if claimant's flight instruction business becomes viable, he might then be able to purchase a plane through the payment of monthly installments. This will protect claimant from jeopardizing the monthly income on which *151 he now relies for support. Accordingly, we find that the award of a Cessna airplane was not in the best interests of the claimant.
Reversed.
ERVIN and ZEHMER, JJ., concur.