BARFIELD, Judge.
In this workers’ compensation case, the employer appeals the order of the deputy commissioner granting claimant’s petition for lump-sum payment of all benefits. Upon first impression this appeal appears to ask this court to review factual determinations made by the deputy commissioner and the application of those facts to the criteria for lump-sum settlement set forth in section 440.20(10), Florida Statutes (1977). If that were the only consideration, our review of the record would indicate that there is competent substantial evidence to support the findings and conclusions of the deputy commissioner. However, examination of the deputy commissioner’s order, together with review of discussions among counsel and the deputy commissioner as appear in the record of these proceedings, convinces us that the deputy commissioner and the attorneys were discussing the law as it existed prior to the 1979 amendments to chapter 440. These amendments revised and renumbered the subsection pertaining to lump-sum payments of workers’ compensation benefits.
Since claimant was injured in March of 1980, the standard by which the deputy commissioner must evaluate lump-sum settlements is set forth in section 440.-20(12)(a), Florida Statutes (1979), which reads in part:
It is the stated policy for the administration of the workers’ compensation system that it is in the best interest of the injured worker that he receive disability or wage-loss payments on a periodic basis.
This language was added in the 1979 amendment and sets forth a strong policy statement against lump-sum payments.
The deputy commissioner’s order which refers to section numbers that could only have preceded the 1979 amendment requires that we reverse and remand this case to the deputy commissioner for reconsideration in light of the law in effect at the time of claimant’s injury.
REVERSED and REMANDED.
THOMPSON, J., concurs.
WENTWORTH, J., concurs specially with an opinion.