485 So.2d 1290 (1985)
J.F. HOFF ELECTRIC CO., Hewitt, Coleman & Associates, Appellants,
v.
Monie B. POWELL, Appellee.
No. BF-251.
District Court of Appeal of Florida, First District.
November 22, 1985.
On Motion for Rehearing April 3, 1986.
Keith R. Pallo, of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellants.
Goodmark & Goodmark, P.A., West Palm Beach, and Janet W. Freeman, Palm Beach, for appellee.
JOANOS, Judge.
In this worker's compensation case, appellants (employer and carrier) challenge a lump sum award to appellee (claimant). We agree with appellant's contention that the deputy commissioner was incorrect in finding that a lump sum advance of all permanent total disability benefits based upon claimant's life expectancy would not discharge the employer's liability for future compensation, therefore we reverse and remand.
The claimant is a 56 year old woman who is permanently and totally disabled as a result of a 1979 industrial accident. The reason claimant wanted a lump sum payment *1291 was so that she could settle some outstanding bills, make some repairs to her home and get into better financial condition. The lump sum payment would be used as follows: $2,200 to pay off a department store bill; $16,000 to pay off auto loan; $53,000 to purchase securities; $13,494.62 for home repairs; $14,749.62 in a contingency fund.
The record indicates claimant and her husband currently have monthly loan and insurance payments of $1,323.32 and a total monthly income of $2,486.96. Claimant testified that with continued periodic payment of her compensation she would not be able to pay off debts or repair the house and "we're going slowly a little bit further in the hole."
The deputy commissioner found that the $14,750.00 set aside as a contingency fund was "essentially earmarked for payment of an attorney fee to claimant's attorney"; by paying off the loans, claimant would reduce her monthly expenses by $488; total net increase in monthly spendable income would be just under $500; "although claimant is not in what I would call dire financial straits, she does seem to have a legitimate need for restructing her financial position." The deputy commissioner also noted that claimant's husband's income of $1900 per month would cease or diminish if he predeceased claimant, and he is also disabled, therefore it was appropriate to consider claimant's financial position alone, even though claimant and her husband are both liable for payment of outstanding debts and repairs. The deputy commissioner also made the following findings:
9. Counsel for the employer/servicing agent essentially takes the position that, if the requested lump sum advance were to be granted, the claimant's right to supplemental benefits would end. In my opinion, however, this assertion is not correct. The difference between an advance lump sum and a washout is that a washout does in fact completely discharge liability for compensation benefits, but an advance lump sum payment only discharges the liability for the number of years that the advance lump sum represents.
10. For instance, should the claimant live beyond her projected life expectancy, the advance payments would effectively have been recouped by the employer/servicing agent at that time, and the employer/servicing agent would still remain liable to pay to the claimant additional permanent total disability benefits at that time. For this reason, I do not believe that an advance lump sum payment of permanent total disability benefits, based on this claimant's present life expectancy, would in fact discharge the employer's liability for compensation to this injured worker. The law is clear that, once the liability of an employer to pay compensation benefits to an injured worker has been discharged, the liability of the State of Florida to pay supplemental benefits would also be extinguished.
The deputy concluded that the lump sum award was in claimant's best interests, and the failure to make the award would prolong undue expense and undue hardship to claimant. The total award of $99,043.88 based on claimant's 25.7 year life expectancy was approved.
Section 440.20(12)(a), Florida Statutes (1979) provides:
It is the stated policy for the administration of the workers' compensation system that it is in the best interests of the injured worker that he receive disability or wage-loss payments on a periodic basis. Lump sum payments in exchange for the employer's or carrier's release from liability for future payments of compensation, other than for medical expenses, shall be allowed only under special circumstances, as when the claimant can demonstrate that lump sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump sum payments will avoid undue expense or undue hardship to any party... . (e.s.)
It is clear from the language of this subsection that when a full lump sum payment is given, based on the claimant's full life expectancy, the payment is made "in exchange for the employer's or carrier's release *1292 from liability for future payments of compensation." The deputy's conclusions in paragraphs nine and ten of the order were therefore in error. While Section 440.20 also discusses partial lump sum advances, it is clear this is not the result of the deputy's order in this case. Because of the deputy's misconception regarding the effect of the lump sum payment ordered in this case, we reverse and remand for reconsideration in light of this opinion. We also emphasize that Section 440.20(12)(a) contains a strong policy statement against lump sum payment, Kissimmee Construction Co. v. Riley, 450 So.2d 313 (Fla. 1st DCA 1984). To overcome the presumption in the statute, a lump sum payment of all benefits should be allowed only when it is clearly advantageous to the claimant. If those benefits are used up unwisely and prematurely, a claimant could be left with a future of hardship. We urge the deputy commissioner to use extreme caution in considering a lump sum payment of all benefits. For instance, it may be quite possible in the present case to serve the claimant's best interests with less than lump sum payment of all benefits.
REVERSED and REMANDED.
ERVIN and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
JOANOS, Judge.
Appellee claimant, Monie B. Powell, has moved for rehearing. She has urged that this court's opinion is in error because of its reliance upon Section 440.20(12)(a), Florida Statutes (1979). She argues that the order being reviewed pertained to a "lump sum advance" instead of a "washout". She urges that only "washouts" are subject to the language of 440.20(12)(a) and that the matter on review was not a "washout" because it was not "... in exchange for the employer's or carrier's release from liability for future payments of compensation ...". We disagree, the payment was based on claimant's life expectancy and represented all benefits that she would be entitled to on that basis. It was, therefore, not an advance, but a lump sum payment of all benefits due. It was, in fact, a "washout" of the claim.
The motion for rehearing is denied.
ERVIN and BARFIELD, JJ., concur.