LILES, WOODIE A., Associate Judge (Retired).
The only issue on this appeal is whether Appellant, injured in a compensable accident while employed by the Appellee School Board, will get the benefit of the amendment to Florida’s Social Security Offset Statute, Section 440.15(10), in Section 6, Chapter 75-209, Laws of Florida. The Deputy Commissioner held that because Appellant was injured prior to the effective date of the amendment, it was not applicable to his case. We disagree and reverse.
When Appellant was injured in July, 1974, and February, 1975, the Florida off-set statute provided that an individual’s benefits under Chapter 440 could be reduced by the employer/carrier to the extent the sum of the individual’s Chapter 440 benefit and his social security disability benefit exceeded his “average weekly wage.” Section 440.15(10) was enacted in response to 42 U.S.C. § 424a(d), providing that, where a state reduces benefits to injured workers based on the worker’s receiving state benefits and federal social security disability benefits, the federal off-set provision, 42 U.S.C. § 424a, will not apply. The federal off-set provision reduces an injured worker’s social security disability benefit to the extent that the sum of that benefit and the worker’s state disability benefit exceeds 80 percent of the worker’s “average current earnings.” The 1975 amendment added that Section 440.15(10)(a) “shall not operate to reduce an injured worker’s benefits under this chapter to a greater extent than they would have . . . been reduced under 42 U.S.C. § 424a.” Because of the different wage bases on which the federal and the state benefits are computed,[1] no off-set would be applied to Whitman’s benefits under the Federal statute; whereas, under Section 440.15(10), the off-set reduces his Chapter 440 benefit from $90.72 per week to approximately $53.00 per week.[2]
We agree with Appellant that the Deputy Commissioner erred in failing to apply the 1975 amendment. As is pointed out in Appellant’s brief, the Deputy was unaware of several decisions of the Industrial Relations Commission. See, Patrick Fruit Co. v. Boykins, IRC Order 2-3904, Husky Industries v. Mixon, IRC Order 2-3905, A. C. Scott Construction and Paving Co., Inc. v. Miller, IRC Order 2-3906, and Joe Patti Seafood, Inc. v. Neuman, IRC Order 2-3908, wherein the Industrial Relations Commission held the 1975 amendment applicable to compensation payments made after its effective date, irrespective of the date or dates of the accidents which caused compensable disability. Therefore, the 1975 amendment applies to this claimant.
No rights with regard to the social security set-off could arguably have vested until June, 1979, when the employer/carrier first applied for it. This was the holding in *879 Pensacola Buggy Co. v. Jernigan, 377 So.2d 245 (Fla. 1st DCA 1979).
The Deputy Commissioner relied on Sullivan v. Mayo, 121 So.2d 424 (Fla.1960) in holding that the 1975 amendment did not apply. However, this case is not applicable in this situation. That case involved retroactive application of a statute which altered the employer/carrier’s liability under Chapter 440. The instant case does not involve retroactive application of a statute. For these reasons, the Deputy Commissioner’s order is REVERSED and REMANDED for the entry of an order not inconsistent with this opinion.
LARRY G. SMITH and SHAW, JJ., concur.

. Whitman’s “average weekly wage,” the basis for his Chapter 440 benefit, was the average of his wages over the past thirteen weeks before his injuries, or $151.20. Section 440.14(1), Florida Statutes (1977). His “average current earnings,” the basis for his social security benefit, was his average weekly wage from the year among the past five years before his injury in which he earned the most, or $218.27 per week. 42 U.S.C. § 424a(a)(8).

. His federal benefit amounted to $68.01 per week, and his Chapter 440 benefit was $90.72 per week. Their total, $158.73, is less than 80 percent of $218.27, his “average current earnings,” but more than 80 percent of $151.20, his “average weekly wage,” by $52.95, the off-set Appellee has taken here.