480 So.2d 691 (1985)
JENSEN CONSTRUCTION CO. and St. Paul Fire & Marine Insurance Company, Appellants,
v.
Ralph SOWERS, Appellee.
No. BF-290.
District Court of Appeal of Florida, First District.
December 30, 1985.
*692 C. Anthony Schoder, Jr., of Smith, Schoder, Rouse & Will, Daytona Beach, for appellants.
Edward H. Hurt, Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order by which claimant's application for a lump-sum advance of all compensation payments was approved. We find no sufficient showing that such lump-sum payment would be in claimant's best interests as contemplated by § 440.20(13)(d), Florida Statutes, and we therefore reverse the order appealed.
Claimant was receiving workers' compensation payments for permanent total disability, and applied to the deputy commissioner for a lump-sum advance of all future payments. Employer/carrier opposed this application, and a hearing was held at which a financial consultant indicated that claimant could advantageously restructure his financial situation if a lump-sum compensation payment were approved. The core of the financial plan which the consultant recommended was the utilization of the lump-sum proceeds for the purchase of a guaranteed annuity. Due to factors including a disparity between the statutory discount rate for lump-sum payments and the prevailing money market investment rate, the recommended financial plan would result in a net increase in claimant's anticipated monthly income. The deputy found that this increase would produce greater economic security for claimant, and concluded that a lump-sum advance of all compensation payments, with the proceeds applied toward the recommended financial plan, would be in claimant's best interests. The deputy therefore approved claimant's application for a lump-sum payment.
Section 440.20(12)(a) expresses "the stated policy ... that it is in the best interests of the injured worker that he receive disability or wage-loss payments on a periodic basis." The statute nevertheless permits lump-sum payments in appropriate circumstances. Section 440.20(13)(d) provides for approval of a lump-sum application, despite an employer/carrier's opposition, upon a determination that it would be in the claimant's "best interests." While the deputy made such a finding in the present case, this conclusion was largely predicated upon a financial advantage that could be obtained only because of a disparity between the statutory discount rate and the prevailing money market investment rate. As opinions of this court have suggested, such money market considerations, standing alone, should not serve as the predominant factor motivating a lump-sum payment. See Brevard County School Board v. Walters, 396 So.2d 1197 (Fla. 1st DCA 1981); Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980) (concurring opinion). Absent those considerations in the present case, claimant has failed to show any unique benefit or interest which would be served by a lump-sum advance payment. Because the only benefit shown was an advantage common to all such claimants serviced by carriers subject to the same statute in the current financial market, and because any incremental advantage to a claimant in this situation is necessarily accomplished by shifting an advantage which the general statutory plan for periodic payment *693 places with the carrier, affirmance of the order on appeal would clearly distort the legislative plan. But compare Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985).[1] We therefore conclude that, in the circumstances presented, the deputy's approval of claimant's application for a lump-sum payment was an abuse of discretion.
The order appealed is reversed.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Cone holds that the market factor "is not a sufficient basis upon which to deny a lump sum advance payment to a claimant who is otherwise entitled to an award." (e.s.) 453 So.2d 423. The opinion does not state that the market factor alone (i.e., net monthly increase in income to claimant) is a sufficient basis on which to establish entitlement to lump sum award. The claimant's "best interest" evidence in that case was not detailed beyond the conclusion that in claimant's personal and family circumstances his financial plan "would enable him to manage his life, which undeniably means providing for his family, an ability presently denied him by his crippling industrial injury and concomitant periodic receipt of disability benefits." 453 So.2d 424.