484 So.2d 50 (1986)
Joseph BUONO, Appellant/Cross-Appellee,
v.
CITY OF RIVIERA BEACH and Gallagher Bassett Insurance Co., Appellees, and Special Disability Trust Fund, Appellee/Cross-Appellant.
No. BF-69.
District Court of Appeal of Florida, First District.
February 18, 1986.
Rehearing Denied March 25, 1986.
*51 Goodmark & Goodmark, P.A., West Palm Beach, and Janet W. Freeman, Palm Beach, for appellant/cross-appellee.
Michael A. Edwards, West Palm Beach, for appellees.
Gordon W. Jacobs, Tallahassee, for appellee/cross-appellant.
ZEHMER, Judge.
Joseph Buono appeals the deputy commissioner's order denying a proposed lump-sum advance of permanent total disability benefits. The Special Disability Trust Fund cross appealed on the issue of whether a lump sum advance extinguishes a claimant's right to supplemental benefits.
Buono was injured in an industrial accident on February 8, 1981. As a result, he suffered permanent total disability. In November 1984, pursuant to section 440.20(12), Florida Statutes (Supp. 1980),[1] he filed a motion seeking a lump-sum advance of compensation benefits. After a hearing at which the deputy commissioner received evidence from expert witnesses for claimant and the employer and its servicing agent concerning the value of future benefits and the effect of the lump-sum advance on Buono's financial condition, the deputy entered an order providing in part:

*52 4. The claimant especially wants the requested lump sum advance in order to restructure his finances by paying off some debts and thereby increasing available income, plus he apparently wants the lump sum advance in order to alleviate potential hardship his wife would suffer if he were to die. It is clear that this latter reason is not a permissible basis for awarding a lump sum payment on the rationale of Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980).
5. Accordingly, the proposed restructuring plan must be looked at in regard to whether it is in the best interest of the claimant, it materially prejudices the rights of the employer/servicing agent and is otherwise reasonable under the circumstances.
6. The proposed lump sum advance does not appear to be needed for any rehabilitation purpose for the claimant. The only real advantage seems to be that it arguably would put the claimant in a somewhat better financial condition by paying off a mortgage and providing the claimant with guaranteed income that, at least for a short time, would be somewhat more than he receives from his compensation benefits. This guaranteed income would be provided by the purchase of government securities.
7. The restructuring plan does not seem to take into account the fact that the claimant's compensation benefits will increase in March of 1987 because the Social Security offset can no longer be taken at that time, and the plan also does not seem to allow for the receipt of supplemental benefits, which will continue to increase each year. I do not agree with the contention of the Fund, however, that a lump sum award of the claimant's permanent total disability benefits, based on his present life expectancy, would extinguish the liability of the State of Florida to pay supplemental benefits to the claimant.
* * * * * *
9. Considering the compensation benefits to which the claimant is presently entitled and to which he will be entitled in the future, along with the financial condition he could place himself in if he should receive an advance lump sum payment and follow the proposed financial restructuring plan, I feel it is questionable whether or not the proposed financial restructuring plan is in fact in the best interest of the claimant. I am far from convinced that the claimant actually will be in a better net financial condition by following this plan, and as opposed to compensation payments, the income generated by the financial plan would be subject to income taxes and any potential claims of creditors.
Buono argues that the deputy commissioner used improper criteria in determining that a lump-sum payment was not in his best interest and was not reasonable under the circumstances. We agree and remand for further proceedings.
The deputy commissioner's reliance on Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980), is misplaced. While alleviation of potential hardship to Buono's wife in the event of his death is not, standing alone, a legally sufficient basis for an advance payment, it is, along with other factors, a valid consideration. Workers' Compensation benefits are intended to provide a claimant means to meet support obligations to his dependents.[2] Furthermore, the fact that the lump-sum advance would immediately put the claimant in a better short-term financial condition is a valid interest to be achieved if not negated by probable adverse long-term consequences. See Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984).
The deputy commissioner also considered that the income generated by the proposed financial plan would be subject *53 to income taxes and potential claims of creditors. In seeking a lump-sum advance, claimant has the burden of persuading the deputy commissioner that the advance is in his best interest, usually by introducing, through a qualified expert witness, evidence of a financial plan that supports this conclusion. We cannot require a claimant to produce conclusive evidence of the specific tax consequences a lump-sum settlement will have on his financial condition because there are too many variables that may affect tax status in this equation. We hold that unless the demonstrable tax impact on claimant's proposed financial plan will be substantial, the multitude of variables need not be addressed. See Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490, 494, n. 7, 100 S.Ct. 755, 758 n. 7, 62 L.Ed.2d 689 (1980). Claimant's expert, in evaluating the proposed financial plan for claimant, should consider potential tax consequences in comparison to the continuation of periodic compensation benefits under the act and explain whether the impact on the proposed financial plan would be substantial enough to constitute a material consideration. If the employer and carrier's evidence contradicts claimant's evidence, the deputy must resolve the dispute. The record in this case lacks competent, substantial evidence to support a determination by the deputy that substantial adverse tax consequences would flow from the lump-sum payment when invested in accordance with the proposed financial plan. Accordingly, it was error for the deputy to conclude that adverse tax consequences militated against the award.
The conclusion that assets and income generated by the lump-sum advance may be reached by potential claims of creditors is legally correct, not only in this case but in every case. If that consideration could, of itself, defeat a lump-sum advance, every such application could be denied on this basis. There was no evidence in this record suggesting that claimant was a spendthrift or was in danger of losing his benefits to creditors if the award were granted. Absent evidence of some facts from which such probable loss could be inferred, consideration of this ever-present contingency is purely speculative and therefore immaterial.
The employer argues, and the deputy agreed, that an award of a lump-sum payment would result in material prejudice because the city had established a reserve of only $15,000 for this case and would have to borrow to pay the lump-sum advance. The record does not reveal the basis for determining the reserve amount. We do not know if it was anything more than an arbitrary accounting entry. The amount of a reserve which may be arbitrarily established by a carrier or self-insured employer is, in and of itself, not a proper basis for finding material prejudice from awarding the lump-sum advance. If it were, an employer or carrier could always defeat an advance payment at the outset by intentionally establishing an insufficient reserve.[3]Cf. Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1983).
Finally, we turn to the issue raised by the Fund on cross appeal. The deputy commissioner erred in concluding that, while the restructured plan did not account for the fact that Buono would receive supplemental benefits in addition to his periodic compensation payments, supplemental benefits would not necessarily be forfeited under the lump-sum plan. Since the deputy's decision in this case, we have held that lump-sum payment of permanent total disability benefits operates to discharge a claimant's right to supplemental benefits. Shipp v. Florida Workers' Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986). As stated in Shipp, "[o]nce a lump sum payment is authorized and received pursuant to § 440.20, a claimant has the option to invest the funds and offset the effects of inflation so that the purpose of supplemental benefits is satisfied." As a necessary corollary of Shipp, *54 the deputy commissioner should consider the loss of supplemental benefits in determining whether a proposed lump-sum advance meets the statutory criteria.
The initial burden is on claimant, as movant, to establish the statutory criteria for a lump-sum advance under section 440.20(12), Florida Statutes (Supp. 1980). It is the deputy's duty to weigh all evidence bearing on the statutory criteria and determine whether the lump-sum payment is in the best interest of the injured worker. If so, the deputy must next consider whether the lump-sum advance "will not materially prejudice the rights of the employer and carrier." § 440.20(13)(d), Fla. Stat. (Supp. 1980). It is apparent that the deputy has applied legally incorrect criteria in arriving at his decision in this case. Therefore, we reverse the order and remand for further proceeding on the claim in accordance with this opinion. The deputy may receive additional evidence from the parties. This opinion should not be construed as any expression by the court on the ultimate decision to grant or deny the claim.
REVERSED AND REMANDED.
BOOTH, C.J., and NIMMONS, J., concur.
NOTES
[1] Section 440.20(12)(a), Florida Statutes (Supp. 1980), provides:

It is the stated policy for the administration of the workers' compensation system that it is in the best interests of the injured worker that he receive disability or wage-loss payments on a periodic basis. Lump sum payments in exchange for the employer's or carrier's release from liability for future payments of compensation, other than for medical expenses, shall be allowed only under special circumstances, as when the claimant can demonstrate that lump sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump sum payments will avoid undue expense or undue hardship to any party, or that such claimant has removed himself or is about to remove himself from the state. In no case shall a lump sum payment be allowed in exchange for the release of an employer's or carrier's liability for future medical expenses. In no case shall a lump sum settlement be allowed until 6 months after the date of maximum medical improvement has been reached.
[2] The Social Security offset includes social security payments to dependents (section 440.15(10)(a), Florida Statutes (Supp. 1980)), and section 440.16 provides for benefits to dependents upon the death of a claimant in certain circumstances.
[3] While employer argues that our decision in Zarahn v. City of Milton, 433 So.2d 41 (Fla. 1st DCA 1983) reached a contrary result, we distinguish that case on the basis that the claimant offered no proof of how a lump-sum payment would benefit him.