McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Central States Diversified and Fireman’s Fund Insurance Company appeal from an award by the deputy commissioner of lump sum PTD benefits pursuant to Section 440.-20(10), Florida Statutes. We affirm in part, reverse in part and remand for further proceedings.
Issues I and III presented by the employer/carrier (E/C), the constitutionality of lump sum awards of PTD benefits and the retroactive application of the 1983 amendment altering the discount rate and permissible amount of such awards have repeatedly been resolved adversely to the *30 E/C s position herein and we therefore decline to address them further. See Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984) cert. den. 461 So.2d 113 (Fla.1985); Edgewood Boys’ Ranch Foundation v. Robinson, 456 So.2d 1270 (Fla. 1st DCA 1984) cert. den. 462 So.2d 1106 (Fla.1985).
We must reverse, however, with regard to the deputy’s finding that the lump sum award would be in claimant Walters’ best interest. The record below reveals that, as a part of her pre-award financial resources, Walters receives a state supplemental benefit in the amount of $143.00 per month. The financial expert who testified to Walters’ plan for use of a lump sum award relied on the continued receipt of this supplement, and it was this plan on which the deputy’s finding of best interest was made.
Subsequent to the entry of the order herein, decisions of this court have made it clear that lump sum payments of PTD benefits operate to discharge a claimant’s right to such supplemental benefits. Shipp v. State of Florida Workers’ Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986); Buono v. City of Riviera Beach, 484 So.2d 50 (Fla. 1st DCA 1986). Because the deputy did not have the benefit of these decisions in determining that the award herein was in Walters’ best interest, we must reverse and remand for determination of that interest in light of the loss of the state supplemental benefit which will follow a lump sum award.
Reversed and remanded.
ERVIN and WIGGINTON, JJ., concur.