ERVIN, Judge.
Boynton Landscape Company and Liberty Mutual Insurance Company appeal from a lump sum advance of permanent total disability (PTD) benefits. We affirm in part, reverse in part and remand for further proceedings.
Dickinson, the claimant, suffered an industrial accident on December 12, 1979, and thereafter began receiving permanent total disability (PTD) benefits. His average weekly wage at the time of the accident was $129.08. On March 25, 1985, claimant filed a petition for a lump sum advance of PTD pursuant to Section 440.-20(12), Florida Statutes (1979).
At the hearing on claimant’s petition for a lump sum advance, Mr. Henry L. Turner, III, a financial consultant, testified that claimant was presently receiving on a monthly basis $372.49 compensation benefits, $366.00 social security disability and $103.00 state supplemental income, totaling $841.49. Turner computed the present value of claimant’s future PTD at the four percent statutory discount in effect on the date of his injury to be $86,167.36, based upon a life expectancy of 37.6 years. Turner’s plan allocated a substantial portion of *1107 the lump sum advance to be used to purchase a 30-year annuity, payable to claimant. Under the revised financial program, Turner concluded that the social security disability and state supplemental income would remain the same, yielding to claimant a net monthly increase of $170.88. The deputy approved Turner’s plan, including the underlying assumption that social security and supplemental income would continue, finding that it was in claimant’s best interests and not materially prejudicial to the employer/carrier (e/e). The e/e contends that the financial plan did not consider the consequences of Sections 440.15(10) and 440.15(l)(e)(l), Florida Statutes (1979), insofar as it failed to take into account that supplemental benefits would be discontinued, and that the social security offset would apply. Accordingly the e/e argues that the deputy could not make a reasoned decision that the lump sum advance was in claimant’s best interests, as required by section 440.20(12)(a). We agree.
Section 440.15(l)(e)(l), when read in pari materia with Section 440.20(12)(a),[1] provides that a lump sum payment of all PTD benefits operates to discharge a claimant’s right to supplemental benefits. See Central States Diversified v. Walters, 485 So.2d 29 (Fla. 1st DCA 1986); Buono v. City of Riviera Beach, 484 So.2d 50 (Fla. 1st DCA 1986); Shipp v. State of Florida Workers’ Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986). Therefore, the deputy erred in determining that the lump sum advance was in claimant’s best interests by basing his approval of the advance on an erroneous assumption that supplemental benefits would continue.
As to the argument that the deputy did not consider the effect of the social security offset provision on the lump sum advance, Section 440.15(10)(a), Florida Statutes, provides that weekly compensation benefits payable to a claimant, when combined with social security disability benefits, cannot “exceed 80 percent of the employee’s average weekly wage.” (emphasis supplied) See also Sunland Training Center v. Brown, 396 So.2d 278, 279 (Fla. 1st DCA 1981). The financial consultant’s plan, approved by the deputy, assumed that the claimant’s social security disability benefits would remain the same throughout his lifetime, and thereby implicitly concluded that the social security offset would not apply. We agree with the claimant that Section 440.15(10) is inapplicable to lump sum advances. Section 440.15(10), by the language employed, applies to weekly, periodic disability benefits. Moreover there is no other statutory basis on which to apply *1108 the offset to lump sum advances.[2] To say that the lump sum awarded to a claimant, in combination with his social security disability benefits, could not under any circumstances exceed eighty percent of his average weekly wage, which at the time of the accident would have been $103.26, would substantially eviscerate the purpose of providing claimants with lump sum advances under the circumstances allowed by section 440.20(12).
While recognizing that the social security offset is not under section 440.15(10) applicable to lump sum advances, we do not mean to say that it is not a relevant factor to be considered in determining whether the lump sum advance is, as provided in section 440.20(12)(a), in claimant’s best interests, since § 224(a) of the Social Security Act, 42 U.S.C. § 424a, may offset social security disability benefits when state law is silent or inapplicable. The federal social security offset “applies when the total of an individual’s [social security disability] benefits and workers’ compensation exceeds eighty percent of his or her pre-dis-ability earnings [average current earnings], and it reduces federal benefits by the excess.”[3] Swain v. Schweiker, 676 F.2d 543, 544 (11th Cir.) cert. denied, 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982).
In contrast to Florida, the federal offset provision explicitly provides that it may apply to lump sum advances. 42 U.S.C. § 424a(b) states that if lump sum payments are “a commutation of, or a substitute for, periodic payments”, the federal offset applies, (emphasis supplied) Most courts have held that an ordinary, lump sum award is to be regarded as a substitute for periodic payments and thus subject to the federal offset. 4 Larson, The Law of Workmen’s Compensation § 97.34, at 18-26 (1984); Black v. Schweiker, 670 F.2d 108 (9th Cir.1982); Kananen v. Matthews, 555 F.2d 667 (8th Cir.) cert. denied, 434 U.S. 939, 98 S.Ct. 429, 54 L.Ed.2d 298 (1977); Graves v. Richardson, 358 F.Supp. 1310, 1312 (W.D.Va.1973) (lump sum benefits in full extinguishment of claimant’s rights is a substitute for periodic payments). Professor Larson observes that whether a lump sum is a substitute for periodic payments turns on “the real nature and purpose of the payment rather than the words used to describe it...” Larson, at 18-27. The key inquiry then is whether it can be said that a “claimant gives up in exchange for the settlement ... his right to periodic payments.” Id.
Section 440.20(12)(a), Florida Statutes (1979), provides that lump sum payments are made “in exchange for the employer’s or carrier’s release from liability for future payments of compensation.” (emphasis supplied) We therefore regard that lump sum payments under section 440.2Q(12)(a) are a substitute for periodic payments, and thus may be made subject to the offset provision of 42 U.S.C. § 424a.
For the above reasons, it was error for the deputy to fail to consider both the loss of the supplemental income and the *1109 potential effect of the federal social security offset in determining that the lump sum advance was in claimant’s best interests. See Buono v. City of Riviera Beach, 484 So.2d at 52. We have considered the remaining arguments and find them without merit.
Affirmed in part, reversed in part and remanded for further proceedings consistent with our opinion.
WIGGINTON, J. and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.

. Section 440.15(l)(e)(l), Florida Statutes (1979), provides:
In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.-20(12), the injured employee shall receive from the division additional weekly compensation benefits equal to 5 percent of the injured employee’s weekly compensation rate as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury, and subject to the maximum weekly compensation rate set forth in s. 440.12(2). Such additional benefits shall be paid out of the Workers’ Compensation Administration Trust Fund. This applies to payments due after October 1, 1974.
(emphasis supplied) (footnote omitted) Section 440.20(12)(a), Florida Statutes (1979), provides:
It is the stated policy for the administration of the workers' compensation system that it is in the best interests of the injured worker that he receive disability or wage-loss payments on a periodic basis. Lump sum payments in exchange for the employer’s or carrier’s release from liability for future payments of compensation, other than for medical expenses, shall be allowed only under special circumstances, as when the claimant can demonstrate that lump sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump sum payments will avoid undue expense or undue hardship to any party, or that such claimant has removed himself or is about to remove himself from the state. In no case shall a lump sum payment be allowed in exchange for the release of an employer’s or carrier’s liability for future medical expenses. In no case shall a lump sum settlement be allowed until 6 months after the date of maximum medical improvement has been reached.
(emphasis supplied)

. But cf. Cannon & Sons, Inc. v. Crosby, 481 So.2d 921 (Fla. 1st DCA 1985), wherein this court reversed the lump sum advance, finding it not to be in claimant’s best interests since the financial plan did not take into account the social security offset. In Cannon, however, this court was not directly faced with the question of whether the state social security provision applies exclusively to weekly periodic payments.

. Moreover, 42 U.S.C. 424a(d) provides that ”[t]he reduction of benefits shall not be made if the [Florida] workmen’s compensation law ... provides for the reduction." Section 440.-15(10)(a), Florida Statutes (1979), enacted in response to the federal act, states that it "shall not operate to reduce an injured worker’s benefits ... to a greater extent than they would have otherwise been reduced under 42 U.S.C. § 424(a) [federal offset provision]”. The effect of these provisions is to prevent a double offset so that only one offset will apply at a time. See Swain v. Schweiker, 676 F.2d 543, 547 (11th Cir.1982).
Furthermore, although we recognize that the federal and state social security offset use different wage bases upon which the state and federal benefits are computed, see Whitman v. Hillsborough County School Board, 386 So.2d 877 (Fla. 1st DCA 1980), we do not consider it relevant to the resolution of this issue. The federal offset provision uses “average current earnings” to compute the wage base; the state offset, "average weekly wage”.