MILLS, Judge.
V.J. Growers Supply and Florists Mutual Insurance Company (E/C) appeal from an order of the deputy commissioner (D/C) granting Newsome’s request for a lump-sum advance of his permanent total disability benefits. We reverse and remand for consideration of whether the award is in Newsome’s best interest in light both of the loss of the state supplemental benefit which will result from such an award and of the statutory policy cited hereinafter.
Newsome suffered an industrial accident in 1979 which left him permanently totally disabled. At the time of the hearing herein, his total monthly income was $967.22, including $89.82 per week worker’s compensation benefit, $154 per month state permanent total supplemental benefit and $424 Social Security disability benefit. Newsome’s present liabilities include no obligations for large debts such as a residential mortgage or car loan; his only expenses, aside from $122.20 per month for insurance, are household in nature, utilities, groceries and the like.
Pursuant to his request for lump-sum benefits, Newsome visited a financial analyst, Henry L. Turner III, who determined that, based on a life span of 28.5 years, the present value of Turner’s permanent total disability benefits was $118,629.63. The financial plan developed by Turner reflected that, of this amount, $75,000 would be used to purchase an annuity which would yield $667.01 per month for so long as Newsome lived, a net increase of $277.79 per month over the monthly worker’s compensation benefit then being received. Of the remaining $40,000, $17,-794.44 was to be placed in a contingency fund to pay attorney’s fees, $10,000 was divided among various items Newsome desired to purchase, $4,100 was earmarked for the purchase of a $50,000 life insurance policy and the remaining $7,400 for placement in an unrestricted savings account.
Newsome, a 43-year old unskilled laborer, testified at the hearing on his claim that his lawyer had explained the financial plan to him, that he knew his periodic benefits *235 from the E/C would cease and that he could not reach the principal of the annuity. However, he also admitted that he had never handled a checking account, had never had to manage more than $1,000 in his life, and that he had no idea of the cost of the items he desired to purchase with the cash portion of the award. Turner testified to the terms of the financial plan and stated that it was based on the continued receipt by Newsome of the state supplemental benefit.
Dr. Alfonso, an internist who examined Newsome at the behest of the E/C, testified that Newsome had had a normal physical, with the exception of “mild to moderate” elevated blood pressure. He also pointed out that Newsome smoked a pack of cigarettes a day and opined that he was a member of a race (black) and socio-eco-nomic group more likely to suffer violent crime. In response to the E/C’s inquiry whether these factors in combination reduced Newsome’s expected life span, Alfonso stated first that he could not say. A reiteration of the question by the E/C yielded a different response, namely that “perhaps there was a 20%, or 5 year, cut” in the 28.5 year life span used by the financial planner as the result of these factors.
The D/C entered an order granting New-some’s request for lump-sum payment of his PTD benefits, finding it in his best interest and reasonable under the circumstances for several reasons, all related to an increase in his spendable income. The order required, however, that the award be disposed of as provided by the financial plan presented at the hearing, which plan assumed the continuation of the state supplemental benefit. The D/C rejected Dr. Alfonso’s testimony as to a reduced life span because he was not an actuarial expert.
Section 440.20(10), Florida Statutes (1978 Supp.) provides that the D/C may award lump-sum PTD benefits if it is in the best interest of the person receiving compensation. As noted above, the D/C required Newsome to dispose of the award pursuant to a financial plan which assumed the continuation of the state supplemental benefit. Subsequent to the order herein, it was held that a lump-sum award extinguishes the claimant’s right to that benefit. Shipp v. State Workers’ Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986), Buono v. City of Riviera Beach, 484 So.2d 50 (Fla. 1st DCA 1986). Because it is error to determine best interest by basing approval on the erroneous assumption that supplemental benefits will continue, Boynton Landscape Co. v. Dickinson, 487 So.2d 1106 (Fla. 1st DCA 1986), we must reverse the award herein and remand for reconsideration of best interest in light of Shipp and Buono.
We also emphasize the strict standards which must be used in making a determination of entitlement to lump sum benefits. For example, in Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985), the D/C found a lump-sum award to be in the claimant’s best interest because the annuity which he planned to purchase would increase his monthly income and provide greater economic security. This court found that the D/C’s conclusion of “best interest” predicated upon “a financial advantage that could be obtained only because of a disparity between the statutory discount rate and the prevailing money market investment rate.”
Citing the statutory presumption in favor of periodic payments, the Jensen court held that “such money market considerations standing alone should not serve as the predominant factor motivating a lump-sum payment,” Jensen at 692, and that the claimant had shown nothing aside from those considerations demonstrating “any unique benefit or interest which would be served by a lump-sum advance payment.” Because “the only benefit shown was an advantage common to all such claimants served by carriers subject to the same statute in the current financial market, and because any incremental advantage to a claimant in this situation is necessarily accomplished by shifting an advantage which the general statutory plan for periodic pay *236 ments places with the carrier, the court concluded that affirmance of the order would distort the legislative plan and reversed.
In J.F. Hoff Electric Co. v. Powell, 485 So.2d 1290 (Fla. 1st DCA 1985), the court reiterated for purposes of remand that the worker’s compensation statute contains a strong policy statement against lump-sum payments and that to overcome the presumption contained therein, “a lump-sum payment should be allowed only when it is clearly advantageous to the claimant.” The court urged the D/C to “use extra caution (on remand) in considering a lump sum payment of all benefits.” Hoff at 1292 (emphasis supplied). See also Shipp, supra (lump-sum payments are not a favored remedy).
Finally, for purposes of remand, we find that it was within the D/C’s role to unravel the apparent conflicts in Dr. Alfonso’s testimony regarding the effects of the factors outlined above on Newsome’s life span and that he therefore did not err in declining to find material prejudice to the E/C based thereon. See Smith v. Crane Cams, Inc., 418 So.2d 1266 (Fla. 1st DCA 1982).
Reversed and remanded.
BOOTH, C.J. and WENTWORTH, J., concur.