MILLS, Judge.
Collins appeals from an order of the deputy commissioner denying his request for a lump-sum advance of his permanent total disability benefits. We affirm.
Collins was accepted as PTD by the employer/carrier (E/C) following a 1982 back injury. At the time of the request for the lump-sum advance, Collins was receiving $253 per week in worker’s compensation benefits plus $50.60 per week as the state’s supplemental permanent disability benefit. Collins’ family also receives $342 per month as a Social Security disability benefit for a retarded adult child, for a total monthly income of approximately $1,650.00. There are no outstanding debts save $2000 owed on a car loan, with payments of $222.41 monthly.
In making the instant request, Collins relied on a financial plan, which calculated the present value of his permanent benefits at $162,902.96. Collins’ goals for the money were reflected in the plan’s allocation of $112,000 for the purchase of an annuity, which would yield $1,102.83 monthly; $24,-000 was earmarked for the down payment on a house; $2,000 would be used to pay off the truck loan; and $467.52 would be placed into a savings account. The remaining $24,000 would create a fund for payment of attorney’s fees. Taking into consideration the loss of the state supplemental benefit, the plan concluded that the award would result in an increase in direct monthly income of $6.50, plus $222.41 from the retirement of the car loan, for a total increase of $228.91.
The plan was presented at the hearing on the claim, as was testimony from Collins and the E/C’s financial expert. Collins testified that he wanted the advance primarily for the purchase of a home, although he had no specific house in mind and had no idea what the mortgage payments would be in comparison to the $350 per month he was then paying in rent. He acknowledged *1325 the loss of, and stated that he was willing to forego, the state supplemental benefit. The E/C’s expert pointed out that the annuity paid less than Collins was then receiving in combined periodic/supplemental benefits. He further noted that, while Collins owed no taxes on his periodic benefits, the proceeds of the annuity would be subject to approximately $805 income tax annually, further reducing his monthly income by $70.
The deputy entered an order denying Collins’ request, finding that, based on the loss of the supplemental benefit, the possibility of invasion of the principal of the annuity, the tax consequences not present with periodic benefits and the lack of evidence that $24,000 was the amount necessary to the purchase of a home, the lump-sum advance was not in his best interest. The findings of the deputy on application for advance payment of compensation should not be disturbed unless he has abused his discretion or unless there is no competent, substantial evidence to support his order. Zarahn v. City of Milton, 433 So.2d 41, 42 (Fla. 1st DCA 1983) citing Herndon v. City of Miami, 224 So.2d 681 (Fla.1969).
This court has indicated that consideration of the loss of supplemental benefits is a crucial one to the determination of a claimant’s best interest, Central States Diversified v. Walters, 485 So.2d 29 (Fla. 1st DCA 1986), and in this case we find it especially so. Collins currently receives $1,305.48 monthly in periodic and supplemental benefits. The annuity planned for purchase with the award yields only $1,102.83 monthly. While the plan calls for paying off the truck loan with part of the award, yielding an additional $222.41 monthly, there was evidence that the truck would be paid off shortly regardless of the award, yielding an additional income without giving up the supplemental benefit.
Further, there was evidence that Collins had no idea if he could obtain a mortgage, the payments on which would be less than the $350 monthly then paid in rent. A larger payment could easily offset the relatively minor increase in income, leaving Collins worse off after the advance than before. Finally, there was evidence that Collins would be giving up more than $89,-000 over his life span by the loss of the supplemental benefit and the annual increases thereof.
Collins alleges that the deputy erred in considering the tax consequences of the annuity purchase, citing Buono v. City of Riviera Beach, 484 So.2d 50 (Fla. 1st DCA 1986). However, Buono did not hold that tax consequences could never be considered in determining best interest, but required only that there be competent substantial evidence that substantial adverse consequences would flow from the lump-sum payment when invested in accordance with the proposed financial plan. Buono at 53. Here, there was evidence that Collins would owe approximately $800 in income tax annually on the annuity income, further reducing his post-award income by approximately $70 monthly. Given the negligible increase in spendable income projected to result from this award, the deputy could reasonably have concluded that this additional liability was a substantial adverse consequence militating against a finding of best interest.
Similarly, it was not error for the deputy to rely on Collins’ failure to demonstrate that he could not buy a house absent a lump-sum award. Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985), established that claimants seeking lump-sum advances should show “a unique benefit or interest which would be served by a lump-sum advance payment” over and above any consideration of an increase in income due to money market factors. Here, there was evidence that Collins had recently sold a former home, from which it could be inferred that some funds were available to purchase a replacement. Further, no evidence was presented of any particular amount actually necessary to the purchase of a home, much less that Collins did not have that amount without a lump-sum advance. Therefore, competent evi *1326 dence supports the deputy’s conclusion that no “unique benefit or interest” was shown to be served by the award.
We do find that the deputy erred in considering the possibility of invasion of the annuity, in that, absent evidence of some facts from which such probable loss could be inferred, consideration of this contingency is speculative and immaterial. Buono. There was no evidence suggesting that Collins was a spendthrift or was in danger of losing his benefits to creditors if the award was granted. However, given the factors supporting the deputy’s decision, as well as the strong statutory policy in favor of periodic benefits, see Kissimmee Construction Co. v. Riley, 450 So.2d 313 (Fla. 1st DCA 1984); Oliver B. Cannon & Sons, Inc. v. Crosby, 481 So.2d 921 (Fla. 1st DCA 1985); J.F. Hoff Electric Co. v. Powell, 485 So.2d 1290 (Fla. 1st DCA 1985), we do not find that the error was sufficient to require reversal.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.