SHIVERS, Judge.
The employer/carrier, Standard Furniture and Underwriters Adjusting Company, appeals from the deputy commissioner’s order granting claimant, Herbert Hill, a partial lump-sum advance. The issue on appeal is whether the deputy commissioner properly determined that claimant should receive such an advance. We affirm.
Claimant is a 36 year old man who lives in a mobile home with his mother in Mobile, Alabama. On October 10, 1974, a car travelling at approximately 45 miles an hour struck claimant, driving him into a concrete light pole and virtually severing his right leg. The impact also caused 50 fractures below, and 40 above, his right knee. Claimant’s right leg was eventually amputated, and he now walks with a prosthesis. Claimant has lived with his mother since his 1974 accident.
On March 27, 1986, the deputy commissioner held a hearing to determine whether claimant should receive a partial advance payment of his future benefits. Claimant’s advance was based on a financial plan geared to an annuity with a 20-year certain period; the proposed carrier of the annuity is Executive Life Insurance of California. At the hearing, the employer/carrier raised the following defenses: (1) an advance was not in claimant’s best interest; (2) claimant presented no evidence that if the proposed carrier were to become insolvent his annuity would be protected by a government agency which would ensure the delivery of claimant’s benefits to him; (3) claimant’s benefits under his financial scheme might be subject to creditors. The deputy commissioner found that the request for a partial lump-sum advance should be granted. It is from this determination that the employer/carrier appeals.
We have recognized that the deputy’s findings on application for advance payment of compensation should not be disturbed unless he has abused his discretion or unless there is no competent, substantial evidence to support his award. Collins v. F & J Fixtures, 498 So.2d 1323, 1325 (Fla. 1st DCA 1986) (citing Zarahn v. City of Milton, 433 So.2d 41, 42 (Fla. 1st DCA 1983); Herndon v. City of Miami, 224 So.2d 681 (Fla.1969)). In addition, the “claimant has the burden of persuading the deputy commissioner that the evidence is in his best interest, usually by introducing, through a qualified expert witness, evidence of a financial plan that supports his conclusion.” Buono v. City of Riviera Beach, 484 So.2d 50, 53 (Fla. 1st DCA 1986). In the instant case, claimant met his burden of persuading the deputy commissioner, and the deputy commissioner’s findings are supported by competent, substantial evidence.
The deputy commissioner gave the following reasons in his order in support of allowing claimant an advance: (1) because an increase in monthly income would enable claimant to get an apartment of his own, claimant would feel a greater sense of maturity and independence; (2) claimant had read and understood the financial plan into which he was entering; (3) there were no adverse tax consequences to claimant’s proposed annuity plan; (4) claimant possessed the maturity to handle the additional money that his proposed plan would pro *644 vide; (5) the employer/carrier offered no evidence to suggest that an advance payment was not in claimant’s best interest and failed to illustrate how it might be materially prejudiced by claimant’s proposed advance. The record supports these findings.
First, with respect to the deputy commissioner’s conclusion that claimant would receive psychological benefits from getting a place of his own, claimant testified that he felt forced to live at home with his mother because the monthly compensation payments he presently receives do not provide an adequate basis for him to afford his own apartment. Claimant also indicated in his testimony that he believed his psychological disorders resulted from his present living restrictions and that the increased freedom provided by a new apartment would better help him cope with his problems. Second, claimant testified that he had reviewed the financial plan which his financial consultant had developed for him and that he approved of the plan. Third, nothing in the record suggests any adverse tax consequences would accompany claimant’s financial plan. This is not to say that such consequences do not exist; however, none appear to have been presented. Nor was there any evidence to indicate the presence of creditors who might seek to levy on claimant’s principal after he has reinvested his money with the carrier of his annuity.
The deputy commissioner’s conclusion that claimant possessed sufficient maturity to manage the additional funds he would receive under his proposed advance also finds support in the record. For example, claimant testified during a telephone deposition that he received $20,000 in 1975 as a result of a settlement concerning an uninsured motorist claim. Claimant invested the $20,000 and allowed the money to earn interest until 1984. By 1984 claimant had acquired $46,000 from his investment. Claimant knew his monthly expenses. He testified that these expenses totalled $1,676 and provided a detailed breakdown his expenditures. In sum, ample evidence supports the deputy commissioner’s conclusions that claimant could handle whatever additional funds he would receive from his proposed advance.
There is little evidence in the record to support the employer/carrier’s contention that an advance would not be in claimant’s best interest. It is true that claimant is presently paying $250 a month for rent at the mobile home which he shares with his mother, and that this same $250 could perhaps be applied toward an apartment without the necessity of him securing an advance. Yet it is within the domain of the deputy commissioner to determine what is in the best interest of the claimant. The deputy commissioner was implicitly aware of this consideration and perhaps discarded it because of the increased psychological benefits claimant would receive in having his own apartment. In terms of material prejudice to the employer/carrier, nothing in the record suggests such prejudice, nor does the employer/carrier assert any.
We finally note that the deputy commissioner’s award is consistent with our decisions concerning lump-sum advances. The award uniquely benefits claimant alone and thus is not invalid for the reasons expressed in Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980) (deputy commissioner’s award of lump-sum advancement was an abuse of discretion where claimant merely sought money to provide for spouse in event of his death). Further, the psychological benefits which claimant would enjoy through having his own apartment (a result made possible solely because of the partial lump-sum advance he seeks) also separate the instant case from Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985) (claimant did not demonstrate advance was in his best interest where financial advantage it created was sought solely because of disparity between statutory and money market investment rates). Accordingly, because the deputy commissioner’s order was legally correct, and because it was supported by competent, substantial evidence, *645 claimant’s award of a partial lump-sum advance should be affirmed.
AFFIRMED.
ERVIN and ZEHMER, JJ., concur.