BARFIELD, Judge.
The Division of Workers’ Compensation appeals a final order awarding appellee supplemental benefits. We reverse.
By stipulation, approved by the deputy commissioner, the appellee/claimant and the employer/carrier agreed that the claimant would receive a lump sum advance of permanent total disability benefits. The then-present value of all benefits was calculated as $236,612.85. The claimant would receive 95% of these benefits, or $224,782.20, as a lump sum advance when the deputy approved the advance. Upon reaching age 65 in 1997, the claimant would receive the remaining 5% of the benefits, as calculated at the time of the initial advance, or $11,830.65. The stipulation stated that the advance did not discharge the e/c’s liability under the worker’s compensation law and that the e/c would remain liable and responsible for the remaining 5% of the total benefits. The agreement further provided that the advance would have no effect on the claimant’s continuing entitlement to supplemental benefits payable under section 440.15(l)(e)l, Florida Statutes.
The Division stopped paying the claimant supplemental benefits after the deputy approved the lump-sum advance. In the order on appeal, the deputy ordered the Division to resume payment of supplemental benefits and to continue paying them until the e/c had discharged their liability under the stipulation. The deputy found this to be a partial lump sum advance and not a total “wash-out” of all benefits. So long as the e/c remained liable for the remaining 5% of benefits, the claimant was entitled to supplemental benefits.
On appeal, the Division contends the obligation of the e/c to pay compensation under the stipulation is illusory. We agree. This stipulation is a ruse, designed solely to create the appearance of continuing liability and responsibility by the e/c so as to enable the claimant to continue receiving supplemental benefits.[1]
Section 440.15(l)(e)l, Florida Statutes (Supp.1982), provides that where the liability of the employer to pay permanent total disability benefits has not been discharged through a lump-sum advance under section *787 440.20(12), an injured employee shall receive additional weekly compensation benefits equal to 5% of his or her weekly compensation rate multiplied by the number of years since the date of the injury. Under section 440.20(12)(a), Florida Statutes, a deputy commissioner is to review and approve all lump sum advances to insure that they are in the best interests of the claimant. This statutory section also provides that “it is in the best interest of the injured worker that he receive disability or wage-loss payments periodically.”
In Shipp v. State Workers' Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA), rev. dismissed, 488 So.2d 831 (Fla. 1986), the claimant and the employer/carrier entered into a stipulation, which was approved by the deputy commissioner, completely discharging the employer/carrier’s liability for medical benefits and for permanent total disability benefits in return for an advance of all compensation benefits. The Division of Workers’ Compensation terminated the claimant’s supplemental benefits due to the “wash-out.” On appeal from the deputy commissioner’s order finding the stipulation terminated the right to continue receive supplemental benefits, this court affirmed. The court observed that:
“the purpose of supplemental benefits ... is to protect recipients of periodic benefits from the long-term effects of inflation that reduce the value of a fixed amount of benefits. The effects of inflation are the same irrespective of the method of calculating supplemental benefits. Once a lump-sum payment is authorized and received pursuant to § 440.20, a claimant has the option to invest the funds and offset the effects of inflation so that the purpose of supplemental benefits is satisfied.
We note that lump-sum payments are not a favored remedy. See 440.20(12)(a), Florida Statutes (1981). Supplemental benefits are intended as an incentive to continue periodic payments and avoid the potential for inflation to diminish the value of such payments. Once a claimant chooses to accept a lump-sum payment, however, the right to receive supplemental benefits is terminated.
481 So.2d at 79. The discharge of all liability by the e/c terminated the right to continue supplemental benefits.
Here, the appellee has merely agreed to accept 95% of total benefits today and deferred receipt of the remaining 5% until sometime in the future in an attempt to insure continuing entitlement to supplemental benefits. There would be no continuing stream of periodic benefit payments paid by the employer/carrier to the claimant during this period. Nor would the claimant receive the present value of the benefits as calculated when she reached age 65. There is no continuing responsibility by the employer/carrier to provide periodic payments nor are the periodic payments accumulated with interest to be payable at age 65. In fact, appellee would receive no benefit due to earned interest on the deferred 5%. The concern in § 440.-20(12)(a) is for continued periodic payment of permanent total disability benefits which entitle a claimant to supplemental benefits. Despite the deputy’s and the appellee’s attempts to distinguish Shipp and to argue continuing liability by the employer/carrier, the instant lump sum advance is not distinguishable from Shipp except that in Shipp there was one payment while here there are two. In both cases, the employer/carrier’s responsibility for future benefits was ended by the approved agreement. The claimant need only wait until she turns 65 to collect the remaining portion of the lump-sum advance.
We REVERSE the order awarding continued supplemental benefits and REMAND for the deputy commissioner to enter an order denying the benefits.
MILLS and WENTWORTH, JJ., concur.

. We do not address the question of entitlement to supplemental benefits where periodic payments continue to be paid after a lump-sum advance of less than all remaining compensation benefits.