MILLS, Judge.
Brandt Bakery Supplies and Crum & Forster (U.S. Insurance Group) (E/C) appeal from an order of the deputy commissioner awarding claimant Christmas a partial lump sum advance of his permanent total disability (PTD) benefits. We reverse.
Christmas suffered injury to his right leg in March 1978 when he was struck by a car while unloading a truck for E/C. As a result of the injury, he developed phlebitis and has suffered several episodes of pulmonary emboli. In January 1985, Christmas was declared PTD, receiving compensation at the rate of $96.00 per week. After the award of a $2000.00 partial advance of those benefits in December 1985, the E/C was allowed to take a $20.00 per week setoff against Christmas’s benefits until the advance was paid back. Therefore, at the time of the award herein, Christmas was receiving a benefit of $76.00 per week.
Christmas testified without contradiction to expenses of $250.00 per month rent (he was sharing a two-bedroom house with his brother), and $75.00 per month for his share of the utilities and telephone bill. He stated that, based on the size of his current benefit, this left him with no money whatsoever for food, medicine or transportation to doctor’s appointments. Because of this recurring monthly shortfall, he had become indebted to his father for $3800.00, one of his brothers for $1400.00 and to the other for $800.00. He testified to his belief that his family was not going to “put up with him much longer” and that, to survive on his own, he would need a minimum of $1000.00 per month.
Based on this need for a larger income and a desire to pay off his accumulated debts, as well as to purchase a car to defray his transportation expenses, Christmas filed a claim for a lump-sum award of *1349 $85,000.00 of the approximately $96,000.00 present value of his PTD benefits. Christmas’s financial expert testified that $70,000 would be used to purchase an annuity which, based on Christmas’s age (35) and normal life expectancy of 38 years, would yield a monthly income of $437.69 per month for life. Of the remaining $15,-000.00, $6000.00 would be used to retire his family debts, $5000.00 to purchase a car and the remainder would pay his attorney’s fees.
The deputy commissioner denied the claim for an $85,000 advance, on the ground that the claimant had failed to es-' tablish, based on his precarious health, that it was in his best interest. However, the D/C held that some advance was due based on Christmas’s current indebtedness, which would continue to grow, and on his concerns about being a burden to his family. The D/C therefore awarded a partial lump-sum advance of $25,000, stating that Christmas’s weekly PTD benefits should be reduced by one-third as an offset thereof. The deputy does not state a factual basis for the figure awarded.
The findings of the deputy on application for advance payment of compensation should not be disturbed unless he has abused his discretion or unless there is no competent, substantial evidence to support his order. Collins v. F. & J. Fixtures, 498 So.2d 1323 (Fla. 1st DCA 1986). While the D/C has broad discretion in determining the best interests of a claimant, that discretion is not without limit. City of Miami v. Mercer, 12 F.L.W. 803 (Fla. 1st DCA 1987).
It is the stated policy for the administration of the workers’ compensation system that it is in the best interest of the injured worker that he receive disability payments periodically. Section 440.-20(12)(a), Florida Statutes (1985). To overcome this statutory presumption, a lump-sum advance should be awarded only when it is clearly advantageous to the claimant, for if compensation benefits are used up unwisely or prematurely, a claimant could be left with a future of hardship. J.F. Hoff Electric Co. v. Powell, 485 So.2d 1290,1292 (Fla. 1st DCA 1985). The claimant for lump sum benefits has the burden of persuading the deputy commissioner that the award is in his best interest, usually by expert testimony of a financial plan supporting that conclusion. Standard Furniture v. Hill, 505 So.2d 642 (Fla. 1st DCA 1987).
In this case, there was no evidence, expert or otherwise, of any plan for the use of a $25,000 award, other than Christmas’s expressed desire to pay off his family debts and to buy a car; there was no requirement in the deputy’s order that he use the money for even these purposes. As appellants point out, prior to this award, Christmas was receiving PTD benefits of only $76.00 per week, his $96.00 per week benefit having been reduced to offset a previous partial advance. If he receives this award without any set plan for its use, and merely uses it to live at the standard he himself set at the hearing, $1000.00 per month, in less than two years the instant advance will be exhausted and Christmas will be left with a benefit reduced by one-third for at least 20 years.
Further, presuming Christmas pays off the $6000.00 debt he owes his family, and uses the remainder to support himself for two years, he will then be left with a weekly benefit lower than that he now claims is insufficient and will, it can reasonably be assumed, be driven to accumulating the same debts he now seeks to pay, but with fewer resources to pay them. It has been held that there is no competent substantial evidence that an award is in the claimant’s best interest when there is no evidence that he will be able to meet his financial needs with it. Oliver B. Cannon & Sons, Inc. v. Crosby, 481 So.2d 921, 923 (Fla. 1st DCA 1985).
Finally, there is no evidence to support a partial advance of this particular amount. The only definite evidence of need was claimant’s testimony that he owed his fami *1350 ly $6000.00. It can be inferred from the financial plan presented in support of the $85,000.00 request that $5,000.00 was needed for the purchase of a car and the same amount required for attorney’s fees, but no specific evidence of the amounts required for either was presented. Even if we accept these inferred amounts as accurate, the evidence would therefore support only an award of $16,000.00. An unsupported lump sum award of more than the claimant needs has been held error. Cochrane Distributing Co. v. Lewis, 504 So.2d 1291 (Fla. 1st DCA 1987).
We therefore find that the partial lump-sum advance awarded herein is not supported by competent substantial evidence in that there was no evidence that it was in the claimant’s best interest and reverse.
WENTWORTH and BARFIELD, JJ., concur.